Turner, J.
 

 The Attorney General questions the jurisdiction of the. Board of Tax Appeals to have entertained appellant’s appeal. The Board of Tax Appeals expressed doubt as to its jurisdiction but inasmuch as the Tax Commissioner did not challenge its jurisdiction, the board proceeded to hear and decide the matter. Ordinarily the question of jurisdiction should be disposed of first and if found wanting, the case should end there. However, in this particular matter we shall make an exception and after passing upon the question of jurisdiction we shall also pass upon the merits of the appeal.
 

 We hold that the Board of Tax Appeals was without jurisdiction to entertain this appeal and in support of such holding we adopt the following reasoning of the board as found in its journal entry affirming the Tax Commissioner, to wit:
 

 “Upon further consideration of this case on the ap
 
 *405
 
 peals filed by appellant herein, the board finds that the .application filed by the appellant with the Tax Commissioner for the final assessment of the property here in question for the years 1937 and 1938, was so filed under the assumed authority of Section 5395, General Code, for the purpose of obtaining- a finding- and determination by the Tax Commissioner of the true value ■of said property for each of said tax years in amounts less than the depreciated book value of such property for said respective'years. As to this the board finds that although Section 5395, General Code, as the same provided at the time the tax assessments on this property for the years 1937 and 1938 were made, and said section as the same was later amended and in effect at the time said application for final assessment was filed, ■empowered.and authorized the Tax Commissioner to issue final assessments with respect to preliminary .assessments which had not been appealed to the Tax Commission or to the Board of Tax Appeals as the successor of the Tax Commission, there is nothing in the provisions of said section as it formerly read or as later amended, which in terms requires the Tax Comr missioner to issue final assessments on intangible or personal property theretofore assessed by preliminary .assessment certificates, either on the application of the taxpayer or otherwise. Moreover, with respect to the .appeals here in question from the order of the Tax Commissioner denying- appellant’s application for a .final assessment of this property for the years 1937 and 1938, the board is of the view that Sections 1464-1 (paragraph 5) and 5611, General Code, providing generally for the appellate jurisdiction of the Board of Tax Appeals with respect to assessment orders made by the Tax Commissioner, are to be read in connection with the more specific provisions of Section 5395, General Code; and that under Section 5395, General Code, the only right of appeal to the taxpayer therein provided for is from a final assessment actually issued by
 
 *406
 
 the Tax Commissioner, and then only from a deficiency assessment made against the taxpayer in and by such final assessment.”
 

 Coming now to the merits of the case upon the assumption that the appeal was properly entertained by the Board of Tax Appeals: Appellant bases its right to reversal upon the contention that the phrase contained in Section 5389, General Code, reading: ‘ ‘ Claim for any deduction from * * * depreciated book value of personal property must be made in writing by the taxpayer at the time of making return;” is not a mandatory prerequisite to a claim for such reduction.
 

 Bearing in mind that the statute in question prescribes the manner of making the annual return of personal property for taxation, the sentence immediately preceding the foregoing quotation should be helpful in arriving at the correct answer. Such sentence reads:
 

 “In the case of personal property used in business, the book value thereof, if any, less book depreciation, at such time or times, shall be listed and such depreciated'book value shall be taken to be the true value of such property, unless the assessor shall find that such depreciated book value is greater or less than the then true value of such property in money. ’ ’
 

 By the first above quoted sentence the taxpayer is given the privilege of questioning his own book value provided he does so in writing at the time of making his return. Otherwise, such privilege is waived.
 

 The balance of the sentence in Section 5389, from which the phrase first above quoted is taken, reads:
 

 “and when such return is made to the county auditor and required by this chapter to be transmitted to the commission [commissioner] for assessment, the county auditor shall, as deputy of the commission [commissioner], investigate such claim and shall enter thereon, or attach thereto, in such form as the commission [commissioner] may prescribe, his findings and recommendations with respect thereto; when such re
 
 *407
 
 turn is made to the commission [commissioner] such claim for deduction from depreciated book value of personal property shall be referred to the auditor of each county wherein the property affected thereby is listed as such deputy, for investigation and report.” We have quoted the statute as it read at the time appellant made its returns (116 Ohio Laws, pt. 2, 253) and inserted the word “commissioner” to show the change made thereafter (119 Ohio Laws, 38).
 

 Under Section 5394, General Code (115 Ohio Laws, 569; 119 Ohio Laws, 41), if the assessor does not.allow a claim for deduction from depreciated book value of personal property used in business when the claim has been
 
 duly made
 
 the taxpayer is given the right to have a review and reassessment by the (Tax Commission) Tax Commissioner. Such claim has been duly made only when made in writing by the taxpayer at the time of making return. Appellant did not seek a reassessment under Section 5394. As there had been no change made in appellant’s return, there would have been nothing to appeal from.
 

 It is for the purpose of giving the taxing authorities an opportunity to investigate such claims for deduction as well as other questions arising in respect of the taxpayer’s return that the General Assembly has provided in Section 5377, General Code, that the preliminary assessment shall not become final until the expiration of two years. In case the taxpayer appeals from the preliminary assessment or from a final assessment made pursuant to Section 5395, General Code, or such taxpayer in writing waives such time limit and consents that a final assessment certificate may issue at the expiration of the extension, the time for final assessment is extended accordingly.
 

 As stated by appellant in its reply brief: “It is true that the Tax Commissioner is not authorized to issue an amended certificate unless he has found the preliminary certificate was in error.”
 

 
 *408
 
 Not only does appellant insist that the word “must” in Section 5389, General Code, is to be read “may,”' but also that the word “may” in Section 5395, General Code, is to be read “must” or “shall,” thus making it mandatory for the Tax Commissioner to make a final assessment certificate. We are clearly of the opinion that such provision is permissive and not mandatory. We find no provision either in Section 5377 or elsewhere making it the mandatory duty of the Tax Commissioner to make a final assessment or certificate-where no change has been made in the preliminary assessment.
 

 In its journal entry the Board of Tax Appeals made the following findings which we approve:
 

 “In this connection the Board of Tax Appeals further finds that the appellant did not at the time of filing* its said tax returns for the years 1937 and 1938, respectively, make or file any claim for deduction from the depreciated book value of appellant’s said personal property for either of said years as authorized and provided for by Section 5389, General Code. And as to this the board finds that the only tax assessment made by the Tax Commission on appellant’s machinery and equipment and other personal property for the tax years 1937 and 1938, respectively was that made by preliminary tax certificates on appellant’s personal property for said years and in exact accordance with the several tax returns made by the appellant for such years; and that the taxes so assessed in accordance with the tax returns made by the appellant as aforesaid were paid by the appellant for each of said years when and as the same became payable without any appeal or attempted appeal by said taxpayer from said tax assessments under the then provisions of Section 5394, General Code.”
 

 Appellant puts reliance in a stipulation entered into between counsel and submitted to the Board of Tax Appeals wherein it was agreed in substance that the
 
 *409
 
 actual true value of the property in question for the years 1937 and 1938 was less than the depreciated book value returned by appellant. ■ The record discloses no such stipulation or evidence offered before the Tax Commissioner. The Tax Commissioner would have been without authority to receive or act upon such stipulation, as it would have been his duty under the language of Section 5389 quoted above to have referred such claim to the County Auditor of Lucas county (with whom the record shows appellant filed its returns) for investigation and report before any further action could be taken by the commissioner.
 

 Such stipulation also admits that appellant did not at the time of making the returns in question make a claim in writing for a deduction from book value of the property in question. The stipulation as to value is therefore immaterial.
 

 Furthermore, the record does not disclose and no claim was made in brief or argument that any appeal from the preliminary assessment was taken or attempted under the provisions of Sections 5394, General Code. Instead, appellant on August 11, 1941, filed a request with the Tax Commissioner for a final assessment based upon a claim for deduction filed June 26, 1941, for which procedure there is "no warrant in law.
 

 At the time appellant filed its returns for 1937 and 1938 and until May 16,1939, Section 5394, General Code (115 Ohio Laws, 569), provided that if the assessor failed to allow a claim duly made for deduction from depreciated book value of personal property used in business the taxpayer might appeal to the Tax Commission from the assessment so made. From the final determination of the Tax Commission, the taxpayer could appeal to the Court of Common Pleas under Section 5611-1 (107 Ohio Laws, 550) and Section 5611-2 (116 Ohio Laws, 123).
 

 When Sections 5611 and 5611-1, General Code, were
 
 *410
 
 amended in 1939, 118 Ohio Laws, 353, 354, each of these sections contained the following provision:
 

 “The foregoing provisions of this section shall not apply to appeals from assessments of personal and intangible property, to which Section 5394 of the General Code applies; bnt snch appeals shall be taken to and determined by the Board of Tax' Appeals in the manner provided in Section 5394.”
 

 After July 4,1941, Section 5394 (119 Ohio Laws, 41) was changed authorizing the taxpayer to make application to the Tax Commissioner for review and re-determination of the original assessment. Section 5611, General Code (119 Ohio Laws, 48), provides that appeals from final determination by the commissioner of any preliminary assessment might be taken by the taxpayer or county auditor of the appropriate county to the Board of Tax Appeals. Former Sections 5611-1 and'5611-2 in effect prior to May 15, 1939, were entirely changed. (118 Ohio Laws, 354, 355.)
 

 The reason for the omission by the General Assembly of a provision requiring a final assessment or certificate in all cases is easily understood. As a practical matter it would hardly be possible for any hoard or commission to review each return separately and issue a final certificate thereon. The delay in the ascertainment of the amount of taxes to be relied on in the conduct of government which would result from such procedure would result in much confusion. The purpose of the final certificate is to correct ány error or omission which the taxing authorities have discovered or allowed in the preliminary certificate. If no errors or omissions are found and no appeal is taken from the •preliminary assessment such assessment becomes final automatically upon the expiration of the original or extended time limit. While the taxpayer in this case consented to an indefinite extension, the preliminary assessment will become final upon the termination of this litigation.
 

 
 *411
 
 The fact that appellant made consolidated returns under the permissive provision of Section 5379, General Code, does not relieve appellant from compliance with other provisions of the Code including Section 5389.
 

 Appellant complains that the assessment of taxes on the basis of its own return will result in discrimination. If this be so, it is the taxpayer’s own fault. Instead of complying with the plain provision of Section 5389, General Code, and making its claim for deduction from depreciated book value in writing at the time of making its return, appellant waited until June 26, 1941, in the meantime paying the taxes without protest on the basis of its own valuation.
 

 As stated in 38 Ohio Jurisprudence, 1002, Section 236:
 

 “In the case of personal property, although value is finally fixed by the Tax Commission [now Tax Commissioner], the duty of fixing estimated value and making return for taxation in the first instance devolves on the taxpayer, subject to control and acceptance or revision by the taxing officials.” (See Section 5366
 
 et seq.,
 
 General Code.)
 

 It would result in an intolerable situation if, instead of making a claim for deduction at the time of filing its return, the taxpayer might wait for an indefinite number of years and then claim the right to a reduction, reassessment and refund of taxes paid.
 

 The language of Section 5389, General Code, here under consideration is clear and unambiguous and there is nothing connected with the administrative features of the assessment of taxes which would suggest that the provision in question is merely directory and not mandatory.
 

 Many years ago Judge Hitchcock said in the case of
 
 Lessee of McMillen
 
 v.
 
 Robbins,
 
 5 Ohio, 28, 30:
 

 “I am aware that it is common to complain of tax
 
 *412
 
 laws, and there is perhaps, no part of legislation, which it is more difficult to perform satisfactorily, or in such a manner as to do exact justice to all, than to frame a revenue system.”
 

 The fact that appellant returned its property for taxation for the years 1937 and 1938 and paid taxes thereon, under the laws existing at that time, but waited until 1941 to seek relief, during which time the laws had been changed, makes the discussion of both sets of law necessary and gives to an otherwise simple question the appearance of complication. However, under Section 26, General Code, appellant lost no right, substantive or procedural, which it had under the prior law. It did not follow the law for securing a reduction, if any, from its own depreciated book values. And it is now too late to complain under either .the old or the new law.
 

 The complained of provision applies equally to all taxpayers without any discrimination of any kind.
 

 The decision of the Board of Tax Appeals being-reasonable and lawful, it is our duty to and we do hereby affirm same.
 

 Decision affirmed.
 

 Matthias, Hart and Zimmerman, JJ., concur.
 

 Weygandt, C. J., concurs in paragraphs one, two and three of the syllabus and in the judgment.
 

 Bell, J., dissents.
 

 Williams, J., not participating.