Matthias, J.
The single question raised by this appeal is whether the Board of Tax Appeals had jurisdiction to review the order of the Tax Commissioner. The board found, inasmuch as the Tax Commissioner refused to issue a final assessment certificate, that, under the decision in Willys-Overland Motors, Inc., v. Evatt, Tax Commr., 141 Ohio St., 402, 48 N. E. (2d), 468, it had no jurisdiction to review the order of the Tax Commissioner.
To determine this matter we must consider two things: First, the powers and the duties of the Tax Commissioner in relation to the assessment of tangible personal property for *17 taxation and, second, the jurisdiction of the Board of Tax Appeals to review acts of the Tax Commissioner.
The powers and duties of the Tax Commissioner are set forth in Section 5703.05, Revised Code, which in relation to the question presently before us reads in part as follows:
“All other powers, duties, and functions of the Department of Taxation, except those mentioned in Sections 5703.02 and 5703.04 of the Revised Code, are vested in and shall be performed by the Tax Commissioner, which powers, duties, and functions shall include, but shall not be limited to the following : ÍC* # *
“(I) Making all tax assessments, valuations, findings, determinations, computations, and orders which the Department of Taxation is by law authorized and required to make * #
The Attorney General contends that this section is not a grant of power but merely a listing of the things the Tax Commissioner may do if he is given authority by some other sections of the Code. In view of the first paragraph of this section, such position is hardly tenable. However, irrespective of this, an examination of Chapter 5711, Revised Code, shows that the Tax Commissioner is the primary assessing officer in relation to tangible personal property, and it is upon his shoulders that the ultimate burden of assessment must fall and he clearly has the right to review any assessment previously made by him so long as the return is open.
Necessarily, in the assessment of property for taxation, it must be determined whether such property is subject to taxation. It was such a determination that the taxpayer was seeking when it filed its application in the present case.
The Attorney General urges that if the taxpayer had thought this property exempted from the tax it should have omitted it from the return in the first instance. Sueh an argument begs the question. At the time of filing the return, the taxpayer, having no reason to consider it other than taxable property, in good faith included it in its return. Due to subsequent interpretations of the tax statutes by this court, the taxpayer concluded that it was in error and made application for the deletion of such property from its return. Such applica *18 tion was filed with the Tax Commissioner, the officer upon whom the primary duty to make such a determination rests, at a time when the taxpayer’s return was still open, no final assessment having been made by the Tax Commissioner and none having arisen by operation of law.
Certainly the taxpayer had the right to make such an application. The return was still open for final assessment due to the procurement of time waivers from the taxpayer by the Tax Commissioner. So long as such return was open for the Tax Commissioner to make a final assessment, it was equally open for the taxpayer to seek corrections therein as to property which subsequent legal developments caused it to believe it had improperly included in its return in the first instance.
Having determined that the taxpayer had a right to file the application and that it was the duty of the Tax Commissioner to consider such application, we must now determine the effect of the order of the Tax Commissioner which reads in part as follows:
“Being fully advised in the premises, the Tax Commissioner finds that public docks have been held not to constitute ‘storage warehouses’ within the purview of such term as found in Section 5701.08, supra. Jones & Laughlin Steel Corporation v. Tax Commission, case No. 404, Seventh District Court of Appeals, decided September 17, 1938. By reason thereof, the Tax Commissioner finds that the property in issue was being ‘used in business’ as such term is defined in Section 5701.08, supra, and properly subjected to taxation under the terms and provisions of this and kindred sections of the personal property tax law.”
A cursory examination of such order clearly shows that it goes much further than merely refusing to issue a final assessment certificate. The commissioner determined, without equivocation, that such property was taxable, an order which he clearly had the right to make and one which definitely affects substantial rights of the taxpayer.
We come now to a consideration of the ultimate issue in the present case. Was such order reviewable by the Board of Tax Appeals?
The appellate jurisdiction of the Board of Tax Appeals is *19 contained in Section 5703.02 (E), Revised Code, which reads-as follow's:
“The Board of Tax Appeals shall exercise the following powers and perform the following duties of the Department of Taxation: Í ( * * &
“(E) Exercise the authority provided by law to hear and determine all appeals including appeals from the actions of county budget commissions, decisions of county boards of revision, and actions of any assessing officer or other public official, including appeals from any tax assessments, valuations, determinations, findings, computations, or orders made by the Tax Commissioner or any correction or redetermination made by him; and hear and determine applications for review of rules of the Department of Taxation adopted and promulgated by the Tax Commissioner * * #.”
The acts of the Tax Commissioner from which appeals may be taken to the Board of Tax Appeals are set forth in Section 5717.02, Revised Code, which reads in part as follows:
“Appeals from final determinations by the Tax Commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by him may be taken to the Board of Tax • Appeals by the taxpayer, by the person to whom notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner is required by law to be given, by the Director of Finance if the revenues affected by such decision would accrue primarily to the state treasury, or by the county auditors of the counties to the undivided general tax funds of which the revenues affected by such decision would primarily accrue.”
An examination of these sections definitely indicates that the Board of Tax Appeals has jurisdiction under the present law to review any order or finding of the Tax Commissioner.
Applying these sections to the order in the present case, the conclusion is inescapable that the Board of Tax Appeals had jurisdiction.
The order of the Tax Commissioner in the present case goes much further than merely refusing to issue a final assessment *20 certificate, such, order determines certain property to be taxable, which the taxpayer contends was not subject to taxation.
In other words, the order determines the taxable status of the property.
Clearly, an order of the Tax Commissioner which determines the taxable status of property is a finding or determination within the meaning of Section 5717.02, Revised Code, and an appeal may be taken therefrom to the Board of Tax Appeals.
The Board of Tax Appeals was in error when it sustained the motion to dismiss on jurisdictional grounds, and such decision is, therefore, reversed, and the cause remanded to the Board of Tax Appeals for further proceedings according to law.

Decision reversed.

Taft, Herbert and O’Neill, JJ., concur.