CONALCO, INCORPORATED, APPELLANT, *v.* MONROE COUNTY
BOARD OF REVISION, APPELLEE.

(No. 76-871—Decided June 1, 1977.)

130

*Messrs. Glander, Brant, Ledman & Newman, Mr. Charles F. Glander* and *Mr. James H. Ledman,* for appellant.

*Messrs. Ennis & Roberts* and *Mr. William J. Ennis,* for appellee.

Locher, J. Appellant contends that, in valuing property which has been sold within three days of the tax lien date in an arm's-length transaction, it is unreasonable and unlawful to rely solely on a fair market value appraisal when the appraiser testifies that he wholly ignored the contemporaneous sale. We agree.

Section 2, Article XII of the Ohio Constitution, and R. C. 5713.01 require real property to be taxed at its "true value in money." The best evidence of true value is the actual sale of the property in an arm's-length transaction.

*State, ex rel. Park Investment Co.*, v. *Bd of Tax Appeals* (1964), 175 Ohio St. 410; *In re Estate of Sears* (1961), 172 Ohio St. 443; *Grabler Mfg. Co.* v. *Kosydar* (1975), 43 Ohio St. 2d 75.

The present cause must be analyzed in light of this accepted legal principle. The only new factor presented by this case is that an entire aluminum processing division was purchased and the cost of each individual item of real and personal property was not stipulated. Appellant's attempt to allocate the sales price among the eight plants and to further allocate it to each item of real and personal property of the individual plant by using APB 16 was rejected. The record does not show that appellant's allocation resulted in a distorted valuation of the real property. However, the board rejected the accounting principle, stating that its objective was inconsistent with a determination of true value, and hypothesized a factual situation where the application of APB 16 could result in a zero book valuation for real property. The board should have determined, under the specific facts of this case, whether appellant's allocation resulted in a distorted valuation of the real property.

After rejection of appellant's allocation, the board, with the minor unexplained increases of $10 in the true value of the land and $20 in the true value of the buildings, reached the same valuation arrived at by appellee. No explanation of the method used in determining this value was presented by the board. Apparently, the board adopted the fair market value appraisal made by appellee, despite testimony by appellee's appraiser that he ignored the contemporaneous sale of the property.

In the present case, the best evidence of true value of the real property is the sale in an arm's-length transaction within three days of the tax lien date and not appellee's appraisal. See *Grabler Mfg. Co.* v. *Kosydar, supra* (43 Ohio St. 2d 75). In fact, the Board of Tax Appeals has recently held that the allocated purchase price, not the subsequent appraisals, was determinative of the "true value"

of the items. *Indian Head, Inc.,* v. *Collins,* BTA No. D-63 (March 11, 1976); *Wayne Corp.* v. *Collins,* BTA No. D-204 (March 15, 1976). The facts set forth in these two cases bear a striking resemblance to the facts of the instant case. Of particular interest is the situation in *Indian Head, supra.* This case involved the acquisition of a plastics division for a total purchase price without any separation as to the value of the real or tangible personal property at the six locations purchased. Subsequent to the lump-sum purchase, an appraiser was employed to appraise the purchased assets and make an allocation of the purchase price as to real property, machinery, equipment, furniture and fixtures in the six locations. Following the rationale of *Grabler Mfg. Co., supra,* and *Park Investment Co., supra,* the board determined, in *Indian Head,* that the allocated purchase price more adequately represented the true value than a subsequent reappraisal.

The board's decision in the present case, accepting the appellee's appraisal, despite an arm's-length sale within close proximity to the tax lien date, and rejecting APB 16, thereby avoiding a determination upon appellant's allocation of the purchase price, is unreasonable and unlawful.

Therefore, the decision of the Board of Tax Appeals is reversed, and the cause is remanded to the board for a determination consistent with this opinion.

*Decision reversed.*

O'NEILL, C. J., HERBERT, W. BROWN and SWEENEY, JJ., concur.

CELEBREZZE and P. BROWN, JJ., dissent.

CELEBREZZE, J., dissenting. This court has held that "[t]he fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Ap-

peals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful." *Bd. of Revision* v. *Fodor* (1968), 15 Ohio St. 2d 52.

Appellant herein has sought to ascribe value to real property situated in Monroe County on the basis of an accounting principle not previously approved by the Board of Tax Appeals. In a well-reasoned decision, the Board of Tax Appeals indicated that it was well aware of the oft-recited shibboleth that the price obtained by a willing but uncompelled seller for a parcel of real property sold to a willing but uncompelled buyer should be accorded considerable weight. However, the Ohio-sited property was only one of eight facilities acquired by Conalco, for which a lump-sum purchase price was paid. Because the parties to the agreement aver failure to specify the exact amount to be paid for any one of the many elements (real property *and* personal property) of the transaction, it was necessary to make an allocation of this arm's-length purchase price to all the real and personal property at the eight locations. Therein lies the dilemma.

As the majority observes, Conalco employed APB 16 in order to assign value to its real estate on the corporate balance sheet. The corporate book values were of no concern to the Board of Tax Appeals, since its objective was to determine the current true value in money of the real property.

After analysis of what it considered critical paragraphs, the board refused to accept the utilization of APB 16 to allocate a portion of the arm's-length sales price to the Ohio-sited realty.*

The board expressly disapproved of paragraph 87, APB 16, which provides that if there is an excess of net worth over the purchase price of the acquired company, the

---

*The appellant's appraisal value determined by the APB 16 method was almost $3,000,000 less than the county appraiser's figure. Even to the most uninitiated novice, such a discrepancy should be cause to question the efficacy of such a system.

values otherwise assignable to the acquired non-current assets, *i. e.*, realty, should be reduced by a proportionate part of the excess to determine the assigned values. The fact that the board hypothesized a situation in which the application of APB 16 could result in a zero book valuation for the realty is unimportant, since it is clear that the board examined the proferred accounting technique with an eye to the facts under consideration, and merely concluded its analysis with a reference to the most extreme distortion of true value.

The basic principle of placing the burden of proof on the taxpayer in disputes with the state relative to taxation should apply with equal force where, as here, the taxpayer urges acceptance of a novel accounting method in order to allocate an amorphous lump-sum purchase price. Having decided that the taxpayer did not meet its burden, in that the application of APB 16 would result in an unrealistic depiction of the true value of the real property, the board was correct to adopt the fair market appraisal presented by appellee, the only other evidence of true value before it.

P. BROWN, J., concurs in the foregoing dissenting opinion.