HEIMERL, D.B.A. VALLEY VIEW MANOR NURSING HOME, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Heimerl v. Lindley (1980), 63 Ohio St. 2d 309.]

(No. 79-1619—Decided July 31, 1980.)

*Ms. Violet Heimerl,* pro se.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellant.

*Per Curiam.* R. C. 5711.18 provides, in part, as follows:

"* * *In the case of personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property, unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money."

The duty of the Tax Commissioner in listing and assessing personal property for taxation pursuant to R. C. Chapter 5711 is to arrive at the true value in money of such property. *Youngstown Sheet & Tube Co.* v. *Kosydar* (1975), 44 Ohio St.

2d 96, paragraph one of the syllabus. Pursuant to R. C. 5711.18, the book value of personal property is merely prima facie evidence of its true value. *Gahanna Heights, Inc.,* v. *Porterfield* (1968), 15 Ohio St. 2d 189, 190. Cf. *Youngstown Sheet & Tube, supra.*

Based upon the above provision and case law, the Board of Tax Appeals could determine that the portion of the total purchase price that appellee arbitrarily allocated to the equipment and physical assets at issue for federal tax purposes did *not* reflect their true value for purposes of R. C. 5711.18— (1) if the above apportioned amount did not represent the depreciated book value of the equipment and assets; or (2) assuming that the above apportionment did reflect their depreciated book value, that this apportionment nevertheless was "greater***than the then true value of***[the equipment and assets] in money."

Even if appellee's allocation of the purchase price for federal tax purposes is dispositive of book value for purposes of R. C. 5711.18,[2] the Board of Tax Appeals nevertheless properly concluded that the federal tax allocation was greater than the true value of the equipment and assets in money. Moreover, there was sufficient evidence in the record for the Board of Tax Appeals to conclude that appellee's valuation, *i.e.,* the sellers' depreciated purchase price of the equipment and assets, was fair.[3]

The best method of determining the true value of personal property is the actual sale of that property on the open market and at arm's length, between one who is willing, but not compelled, to sell, and one who is willing, but not compelled, to buy. *Grabler Mfg. Co.* v. *Kosydar* (1975), 43 Ohio St. 2d 75. We reaffirm that principle of law pronounced in *Grabler;* however, that principle is not applicable to the facts here. In *Grabler* there was an arm's-length sale of personal property only. No allocation was made after the sale. The court stated, at page 78, in the opinion, as follows:

"Since this court has determined that a sale between a

[2] The definition of book value depends upon the purpose of the reporting system, *e.g.,* financial accounting, federal income tax, property tax.

[3] This is proper under the *de novo* review power of the board of Tax Appeals (*contra* the dissenting opinion *infra*).

willing buyer and seller is the best evidence of true value, the question becomes whether the sales in question were, in time and circumstances surrounding them, the best evidence of true value in this case."

Appellee's allocation in this cause was an arbitrary apportionment of the whole for federal tax purposes; the *Grabler* valuations were direct buy and sell prices of the particular assets, a situation not present here.

Appellant contends that the case of *Conalco* v. *Bd. of Revision* (1977), 50 Ohio St. 2d 129, is dispositive of the issue raised in the present cause. In that case, Conalco, Inc., purchased the entire domestic aluminum division of Olin Corporation, one facility of which was located in Ohio. A lump-sum purchase price was paid for all the assets with no amount allocable to the real estate, personal property or accounts receivable. Subsequent to the sale, Conalco employed appraisers to appraise its newly acquired assets and to make an allocation of the purchase price to all real and personal property, pursuant to Accounting Principles Board Opinion No. 16, Business Combinations, 1970. Under those circumstances, this court, agreeing with the taxpayer in such allocation of the purchase price, held, in paragraph two of the syllabus, that:

"In valuing real property sold within three days of the tax lien date in an arm's-length transaction, the best evidence of 'true value in money' is the *proper* allocation of the lump-sum purchase price and not an appraisal [by the county auditor of the Ohio-sited real property] ignoring the contemporaneous sale." (Emphasis added.)

We believe *Conalco* is clearly distinguishable from the instant cause. In *Conalco*, at page 131, this court pointed out that the record did "not show that appellant's allocation resulted in a distorted valuation" of the taxable property. In contradistinction, the record in this cause indicates that the allocation of the purchase price to the various assets of the business was not intended to reflect their fair market value, but was intended only to give the parties to the sale the greatest federal income tax advantage. In addition, there is nothing in the record to indicate that any of the taxable property was appraised in the course of making the allocation. In light of the fact that the property at issue in this cause was

originally purchased for the total sum of $14,558.23, and has no substantial resale market, we believe that the allocated value of $39,100 is not a reasonable reflection of true value in money of such property. This is not a case, therefore, where there has been a "proper allocation of the lump-sum purchase price," as contemplated by this court in *Conalco*.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is hereby affirmed.

*Decision affirmed.*

W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C. J., HERBERT and P. BROWN, JJ., dissent.

CELEBREZZE, C. J., dissenting.   R. C. 5711.18 states that in valuing personal property used in a business, depreciated book value *"shall be taken* as the true value of such property,*unless the assessor* finds that such***value is greater or less than the then true value of such property in money." (Emphasis added.)

The language in R. C. 5711.18 is mandatory in nature. The book value shall be used unless the assessor determines otherwise. By so providing, the General Assembly clearly intended that only an assessor could place a value, other than the book value, on the property.

In the case at bar the book value of the property in the hands of the purchaser for federal income tax purposes was $39,100. The Tax Commissioner chose to use this figure. The Board of Tax Appeals reversed and ordered that the value reported by the taxpayer be used instead. Under the facts herein, even this amount may well be excessive.

R. C. 5711.01 defines the term "assessor," as it applies to R. C. Chapter 5711, to include the Tax Commissioner but makes no mention of the Board of Tax Appeals. The General Assembly in its wisdom deemed that any change in value was more appropriately made by the Tax Commissioner and as a consequence entrusted that duty to him and not the board.

Although the Board of Tax Appeals could reverse the decision of the Tax Commissioner, R. C. 5711.18 requires that the cause be remanded for revaluation by the Tax Commissioner. There is no provision under this statute for the Board of Tax

314

Appeals to revalue the property and for this reason I respectfully dissent.

HERBERT, and P. BROWN, JJ., concur in the foregoing dissenting opinion.