AVCO CORPORATION, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Avco Corp. *v.* Limbach (1990), 51 Ohio St. 3d 147.]

(No. 89-352—Submitted March 2, 1990—Decided May 30, 1990.)

*Baker & Hostetler, Edward J. Bernert* and *Randall A. Osipow,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Barton A. Hubbard,* for appellee.

*Per Curiam.* For personal property tax purposes, the best method of determining value is the actual sale of such property on the open market and at arm's length, between one who is willing to sell, but not compelled to do so, and one who is willing to buy, but not compelled to do so. *Grabler Mfg. Co.* v. *Kosydar* (1975), 43 Ohio St. 2d 75, 72 O.O. 2d 42, 330 N.E. 2d 924, syllabus.

Was the BTA correct in refusing to base the true value of appellant's personal property on the sale price of the property? For the reasons which follow, we find that it was not, that its decision was unreasonable and unlawful, and we reverse.

Appellee urges that the decision of the BTA should be affirmed because appellant failed to file claims, seeking deduction from book value, at the time the returns were filed, citing R.C. 5711.18. R.C. 5711.18 provides that the listed depreciated book value of personal property used in business "shall be taken as the true value of such property, unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money," and authorizes a written claim for deduc-

tion from book value to be made when the return is filed. No such written claim was made. Appellee, citing *Willys-Overland Motors, Inc.* v. *Evatt* (1943), 141 Ohio St. 402, 25 O.O. 543, 48 N.E. 2d 468, paragraph three of the syllabus, suggests that the failure to file such a claim for deduction would prevent the Tax Commissioner from determining whether the true value is that which is listed in the return or a greater or lesser amount.

Appellant argues that it need not comply with that particular procedure and suggests that now there is an alternative method available: to request a final assessment certificate as provided in R.C. 5711.26, as amended, effective September 21, 1982, by Am. Sub. H.B. No. 379. R.C. 5711.26 governs a request for the issuance, by the Tax Commissioner, of a final assessment certificate by providing:

"* * * [T]he tax commissioner may, within the time limitation in section 5711.25 of the Revised Code, and shall, upon application filed within such time limitation in accordance with the requirements of this section, finally assess the taxable property required to be returned by any taxpayer * * *.

"For the purpose of issuing a final assessment the commissioner may utilize all facts or information he possesses, and shall certify in the manner prescribed by law a final assessment certificate * * *."

That statute imposed specific requirements upon the applicant for the issuance of a final assessment certificate, *viz.:* (1) the application must be filed within the time limitation in R.C. 5711.25, (2) it shall have attached a true copy of the most recent preliminary or amended assessment to which correction is sought, and (3) it shall have attached evidence that the taxes due on such assessment have been paid. The statute does not re-

quire, as a preliminary step, that the applicant shall have filed a claim for deduction under R.C. 5711.18. Appellant fully complied with R.C. 5711.26. It then became the duty of the Tax Commissioner to issue final assessment certificates in accordance with R.C. 5711.21, which requires that the property "be assessed at its true value in money" and that "the assessor shall be guided by the statements contained in the taxpayer's return and such other rules and evidence as will enable the assessor to arrive at such true value." The Tax Commissioner's failure to so proceed and the BTA's affirmance thereof were unreasonable and unlawful.

The instant appeal is distinguishable from our holding in *Willys-Overland, supra,* upon which appellee relies. There, the statutory procedures (G.C. 5389 and 5395) did not require the Tax Commissioner to issue a final assessment certificate upon application of a taxpayer, but authorized deduction in depreciated book value only when a written request accompanied the tax return. The General Assembly has seen fit, by the enactment of Sub. Am. H.B. No. 379, amending R.C. 5711.26, to permit a taxpayer to request a final assessment certificate, whether or not a claim for deduction was filed with the return, and to impose on the Tax Commissioner a *duty* to review an application for a final assessment certificate based upon the true value of the taxpayer's property. Am. Sub. H.B. No. 397 resulted in modifications in tax procedures, with the expressed purpose of correcting deficiencies and modernizing personal property tax collection methods. In particular, it involved a substantial change in the procedures prescribed by R.C. 5711.26. It required the Tax Commissioner to determine the true value of tangible personal

property upon request. Unlike R.C. 5711.31, which was also amended by Am. Sub. H.B. No. 379, and which specifically mentions claims for deduction from book value, R.C. 5711.26 contains no such reference.

R.C. 5711.26, in effect, serves as an application for a refund of personal property taxes paid. The BTA suggests that if the taxpayer does not take advantage of the opportunity to file a claim for deduction under R.C. 5711.18, the taxpayer is *not entitled* to file an application for final assessment under R.C. 5711.26. In other words, the filing with the return of an application requesting deduction from book value is a condition precedent to an application requesting a final assessment certificate. In support of this position, the BTA cites paragraph three of the syllabus of *Willys-Overland, supra.* As previously discussed, because of the amendment to the operative statute, paragraph three of the syllabus of *Willys-Overland, supra,* is not applicable here. The BTA, although observing parenthetically that amended R.C. 5711.26 "does not contain the express requirement of a claim for deduction, as does 5711.31," failed to give effect to the amendment, continued to adhere to its determination that appellant's failure to file such a claim under R.C. 5711.18 was fatal to its request for a deduction in the listed book value of its personal property, and refused to grant relief. This refusal was unreasonable and unlawful.

The pertinent statutory provisions of R.C. 5711.26 have been substantially modified by the General Assembly and the claim procedures of R.C. 5711.18 and 5711.26 are not interdependent. Thus, the appellant may file an application for final assessment under R.C. 5711.26 and require the Tax Commissioner to determine the true value of its personal property without having first filed a claim for deduction under R.C. 5711.18.

Having determined that the Tax Commissioner had a mandatory duty to issue final assessment certificates upon the request of appellant, we remand the cause to the BTA to reconsider its decision in a manner consistent with this opinion, to determine whether the May 31, 1984 sale was an arm's-length transaction and to determine the true value of the subject property for tax years 1983 and 1984. The decision of the BTA is reversed.

*Decision reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.