[Cite as *N.M.J., Inc. v. Akron City School Dist. Bd. of Edn.*, 2014-Ohio-4459.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AKRON CITY SCHOOL DISTRICT
BOARD OF EDUCATION,

     Appellee

     v.

SUMMIT COUNTY BOARD OF
REVISION, et al.

     Appellees

     and

N.M.J. INC.

     Appellant

C.A. No.     27304


APPEAL FROM JUDGMENT
ENTERED IN THE
OHIO BOARD OF TAX APPEALS
COUNTY OF SUMMIT, OHIO
CASE No.    2013-3572

DECISION AND JOURNAL ENTRY

Dated: October 8, 2014

HENSAL, Presiding Judge.

{¶1}　　N.M.J., Inc. appeals a decision of the Ohio Board of Tax Appeals that determined that the combined value of two of its parcels was $250,000. For the following reasons, this Court affirms.

I.

{¶2}　　According to N.M.J., in 2004, Petro-Serv, Inc. entered into a land installment contract with ADaPT Oil & Marketing, Inc. Under the contract, Petro-Serv agreed to pay ADaPT $250,000 over eight years for two parcels of land in Akron. After five years, Petro-Serv assigned its rights under the contract to N.M.J. for $5,000. Under the terms of the assignment,

N.M.J. agreed to pay off the remainder of the land installment contract, which was approximately $92,000. N.M.J. successfully met its obligation under the assignment, making its final payment to ADaPT in December 2012.

{¶3} After completing its purchase of the parcels, N.M.J. filed a "Real Property Conveyance Fee Statement of Value and Receipt" with the Summit County Auditor. The statement indicated that its consideration for the parcels was $250,000. The Akron City School District Board of Education subsequently filed a "Complaint Against the Valuation of Real Property," requesting that the Auditor adjust the value of the parcels to $250,000 for 2012. After N.M.J. opposed the complaint, the Board of Revision set the matter for hearing. At the hearing, N.M.J.'s president testified that N.M.J had paid only approximately $97,000 for the parcels. N.M.J., therefore, argued that the current fair market value of the parcels was not $250,000. The Board of Revisions agreed, concluding that no change in valuation was warranted.

{¶4} The school district appealed the Board of Revision's decision to the Board of Tax Appeals. Upon review of the record, the Board of Tax Appeals determined that the December 2012 transaction was a recent arm's-length sale between a willing seller and a willing buyer. Rejecting N.M.J.'s president's argument that the property was only worth $97,000, it found that the $250,000 price listed on the conveyance fee statement constituted the best indication of the parcels' value. N.M.J. has appealed the Board of Tax Appeals' decision, assigning as error that the decision is not reasonable and lawful.

II.

ASSIGNMENT OF ERROR

THE DECISION OF THE OHIO BOARD OF TAX APPEALS IS NOT REASONABLE AND LAWFUL.

{¶5} N.M.J. argues that the Board of Tax Appeals incorrectly determined that the value of its parcels is $250,000. Former Revised Code Section 5713.03 provided that the county auditor shall determine the true value of every parcel. "The true value of property is a 'question of fact, the determination of which is primarily within the province of the taxing authorities[.]'" *Akron City School Dist. Bd. Of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, ¶ 9, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52 (1968), syllabus. Accordingly, this Court "will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful." *Id.*, quoting *Fodor* at syllabus; R.C. 5717.04. "We must affirm the BTA's findings of fact if they are supported by reliable and probative evidence, and we afford deference to the BTA's determination of the credibility of witnesses and its weighing of the evidence subject only to an abuse-of-discretion review on appeal." *HealthSouth Corp. v. Testa*, 132 Ohio St.3d 55, 2012-Ohio-1871, ¶ 10.

{¶6} Former Section 5713.03 provided that, if a parcel "has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor may consider the sale price * * * to be the true value of taxation purposes." R.C. 5713.03. "The best evidence of the 'true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." *Akron City School Dist. Bd. of Edn.* at ¶ 12, quoting *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129 (1977), paragraph one of the syllabus. "[T]he only rebuttal lies in challenging whether the elements of recency and arm's-length character between a willing seller and a willing buyer are genuinely present for that particular sale." *Id.*, quoting *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, ¶ 13. The

Ohio Supreme Court has also explained that "when a sale price has been reported on the conveyance-fee statement, the party opposing the use of that price typically bears the burden of showing that the reported price is not the proper value." *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 1, 2014-Ohio-853, ¶ 28.

{¶7} N.M.J. argues that the Board of Tax Appeals should have looked beyond the $250,000 purchase price listed on the conveyance fee statement because that price was negotiated in 2004 by a different entity and does not reflect the actual price that it paid for the parcels in an arm's-length transaction in 2010. It argues that it was required to put $250,000 on the conveyance fee statement because that is the total consideration ADaPT received for the parcels, even though the value of the parcels has fallen significantly over the last few years. The school district, on the other hand, argues that the conveyance fee statement contains the best evidence of the parcels' value.

{¶8} Despite the appeal of N.M.J.'s argument, this Court's review is not de novo. As the Board of Tax Appeals noted, the real property conveyance fee statement indicates that ADaPT sold two parcels of land to N.M.J. for $250,000 in cash. The Ohio Supreme Court has held that, "[i]n determining the date a sale of property occurs, only for purposes of establishing the true value of property pursuant to R.C. 5713.03, the auditor should use the date that the real property conveyance-fee statement is filed in the auditor's office as the sale date of the property." *HIN, L.L.C. v. Cuyahoga County Bd. of Revision*, 124 Ohio St.3d 481, 2010-Ohio-687, paragraph two of the syllabus. N.M.J. submitted the conveyance fee statement to the auditor in this case on December 28, 2012. Accordingly, in light of the fact that the record contains evidence that the parcels were sold for $250,000 in December 2012, we conclude that the Board of Tax Appeals' factual findings are supported by reliable and probative evidence and

that its decision is not unreasonable or unlawful. *See Hilliard City Schools*, 2014-Ohio-853, at ¶ 48 ("[I]t cannot be said that the record lacks support for the BTA's conclusion, much less that there is 'a total absence of evidence to support' its findings."), quoting *HealthSouth Corp.*, 2012-Ohio-1871, at ¶ 14. N.M.J.'s assignment of error is overruled.

III.

{¶9}    N.M.J. has not established that the Board of Tax Appeals' determination of the true value of its parcels was unreasonable or unlawful. The judgment of the Ohio Board of Tax Appeals is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.


APPEARANCES:

ROBERT C. HUNT, Attorney at Law, for Appellant.

DAVID H. SEED, Attorney at Law, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and TIMOTHY J. WALSH, Assistant Prosecuting Attorney, for Appellees.