COLUMBUS BOARD OF EDUCATION, APPELLANT, *v.* FOUNTAIN SQUARE ASSOCIATES, LTD. ET AL., APPELLEES.

[Cite as Columbus Bd. of Edn. *v.* Fountain Square Assoc., Ltd. (1984), 9 Ohio St. 3d 218.]

(No. 83-1061—Decided February 22, 1984.)

Messrs. Teaford, Rich & Dorsey, Mr. Jeffrey A. Rich and Mr. Matthew T. Fitzsimmons, for appellant.

Schottenstein, Zox & Dunn Co., L.P.A., Mr. Robert H. Schottenstein and Mr. Daniel J. Kayne, for appellee Fountain Square Associates, Ltd.

Per Curiam. Appellant argues that the valuation of appellee's property set by the Board of Tax Appeals is unreasonable and unlawful for the reason that it ignores the recent sales price.

R.C. 5713.03 provides, in part:

"* * * In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, *the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes.* * * *" (Emphasis added.)

We have consistently adhered to the rule that "[t]he best evidence of the 'true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction. * * *" *Conalco v. Bd. of Revision* (1977), 50 Ohio St. 2d 129 [4 O.O.3d 309], paragraph one of the syllabus. See, also, *Consolidated Aluminum Corp. v. Bd. of Revision* (1981), 66 Ohio St. 2d 410, 414 [20 O.O.3d 357]; *Meyer v. Bd. of Revision* (1979), 58 Ohio St. 2d 328, 333 [12 O.O.3d 305].

Appraisals based upon factors other than sales price are appropriate for use in determining value only when no arm's-length sale has taken place (*id.* at 333), or where it is shown that the sales price is not reflective of true value (*Consolidated Aluminum Corp. v. Bd. of Revision, supra,* at 414).

The fact that appellee obtained favorable financing does not render the sales price unrepresentative of true value. Thus, it was unreasonable and unlawful for the board to accept appellee's appraisal rather than the recent sales price in valuing the subject property.

Accordingly, the decision of the Board of Tax Appeals is reversed and the valuation as determined by the board of revision is reinstated.

*Decision reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.