Pfeifer, J.,
concurring in judgment only.
{¶ 25} “Although the sale price is the ‘best evidence’ of true value of real property for tax purposes, it is not the only evidence. A review of independent appraisals based upon factors other than the sale price is appropriate where it is shown that the sale price does not reflect true value. (Columbus Bd. of Edn. v. *256 Fountain Square Assoc., Ltd. [1984], 9 Ohio St.3d 218, 219 [9 OBR 528, 459 N.E.2d 894], construed.)” Ratner v. Stark Cty. Bd. of Revision (1986), 23 Ohio St.3d 59, 23 OBR 192, 491 N.E.2d 680, syllabus. This standard is fair.
Todd W. Sleggs & Associates, Todd W. Sleggs, and Susan K. French-Scaggs, for appellant.
James H. Hewitt Co., L.P.A., and James H. Hewitt III, for appellee Board of Education of the Cleveland Municipal School District.
{¶ 26} In this case, Vlaxos purchased the building housing its restaurant. Vlaxos contends that the sale price was higher than fair market value. Apparently, Vlaxos was willing to spend as much as it did because of the significant value of improvements it had made to the building, which Vlaxos could not take with it if it had to move. I believe that this is enough to defeat the rebuttable presumption that sale price is the best evidence of value. Vlaxos did not, however, take the next step required by Ratner of obtaining an independent appraisal. Accordingly, Vlaxos cannot prevail. I concur in judgment.