LAKOTA LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE,
*v.* BUTLER COUNTY BOARD OF REVISION ET AL., APPELLEES;
BONDO CORPORATION, APPELLANT.

[Cite as *Lakota Local School Dist. Bd. of Edn. v. Butler Cty.*
*Bd. of Revision,* 108 Ohio St.3d 310, 2006-Ohio-1059.]

(No. 2005–0090—Submitted November 30, 2005—Decided March 22, 2006.)

LUNDBERG STRATTON, J.

{¶ 1} Appellant, Bondo Corporation, challenges the value assigned to its real property by the Board of Tax Appeals ("BTA") for tax year 2002. The property—identified in the Butler County Auditor's records as parcel numbers M5620–183–000–002, M5620–183–000–003, and M5620–183–000–004—contains an industrial and warehouse facility and covers approximately five acres of land on Devitt Drive in West Chester Township.

{¶ 2} For tax year 2002, the county auditor fixed the true value of the property at $1,878,740. Bondo asked the Butler County Board of Revision to reduce that valuation, arguing that the property was worth only $950,000 that year. The Board of Education of the Lakota Local School District in turn asked the board of revision to leave the auditor's valuation unchanged.

{¶ 3} The board of revision determined that the true value of the property was $1,134,000, which prompted the board of education to file an appeal under R.C.

5717.01 with the BTA. The board of education urged the BTA in a written brief to set the value of the property at the $1,878,740 amount originally set by the county auditor, while Bondo asked the BTA to set the property's value at $950,000, citing the October 2003 sale of the property for that price. The parties agreed to waive a hearing before the BTA.

{¶ 4} The BTA concluded that insufficient evidence had been presented by Bondo to justify the reduction in value ordered by the board of revision, and the BTA therefore reversed the decision of the board of revision and directed the county auditor to again set the value of the property at $1,878,740.

{¶ 5} Bondo has now appealed to this court. For the reasons that follow, we reverse the BTA's decision.

{¶ 6} "When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase [in] or decrease from the value determined by the board of revision." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 566, 740 N.E.2d 276.

{¶ 7} At the hearing before the board of revision, Bondo Corporation presented evidence of a recent arm's-length sale as best evidence of value, pursuant to R.C. 5713.03.

{¶ 8} That evidence included a limited-warranty deed, a seller's closing statement, and the first four pages of the real-property purchase agreement. Bondo also presented evidence that the sale was seller-financed. The submitted pages of the purchase agreement state:

{¶ 9} "Article 2—Purchase Price

{¶ 10} "Buyer shall pay the sum of One Million One Hundred Thirty–Four Thousand Dollars ($1,134,000.00) (the 'Purchase Price') allocating Nine Hundred Fifty Thousand Dollars ($950,000) to the value of the Real Property and One Hundred Eighty–Four Thousand Dollars ($184,000) to interest charges and carrying costs for the Seller provided financing in accordance with the terms of this Agreement, which Purchase Price Shall be payable to Seller for the Real Property * * *."

{¶ 11} The seller's closing statement also listed $1,134,000 as the "Combined Purchase Price."

{¶ 12} A review of the transcript of the board of revision hearing demonstrates that the board of revision also examined other factors to determine whether the sale was an arm's-length transaction. The board of revision determined that the real estate commission was five percent. Board of revision member Fred Bounds stated: "There is a real estate commission paid, so that indicates there was some kind of a meaningful transaction."

{¶ 13} None of this evidence was contested or refuted by the board of education. The documents were accepted without objection. The board of education presented no evidence that the "Combined Purchase Price" of $1,134,000 was not the result of an arm's-length transaction between a willing buyer and a willing seller. There was no evidence presented about any side deals or other relationships between the buyer and the seller. The only questionable characteristic about this sale was that the sale was seller-financed, but the board of education presented no evidence that such financing resulted in anything other than an arm's-length transaction. The record reflects no objections—based on authenticity, competency of the witness, completeness of the record, or otherwise—by the board of education. Board of revision member Bounds even invited the parties to bring up anything further before closing the hearing. Neither side did.

{¶ 14} The BTA acknowledged that the board of education—the appellant before the BTA—bore the burden of proving a value different from the one set by the board of revision and also acknowledged that the "best evidence of true value is the actual sale of the property in an arm's-length transaction." *Conalco, Inc. v. Monroe Cty. Bd. of Revision* (1977), 50 Ohio St.2d 129, 130, 4 O.O.3d 309, 363 N.E.2d 722. However, based upon speculation only, the BTA reversed the board of revision. The BTA questioned whether the sale price was a result of a true arm's-length transaction, noting that part of the price had been allocated to the purchase of the property and part to the financing charges.

{¶ 15} While acknowledging that the burden of proof was on the board of education, the BTA actually shifted that burden back to Bondo by questioning the details of the seller financing, even though the board of education had not challenged that evidence at the board of revision hearing, nor had it presented any new evidence that the seller financing in any way resulted in anything other than an arm's-length transaction. If the board of education suspected that a side arrangement existed or that the financing terms were not market-based, it should have challenged the evidence, asked for a full copy of the purchase agreement, and/or presented its own expert as to the inequities. Mere speculation is not evidence.

{¶ 16} Bondo contends that the BTA should not have ruled in the board of education's favor, given that the board of education, as the appellant before the BTA, had the burden of proof and yet presented no witnesses or other evidence. We agree with Bondo that the board of education did not meet its burden of proof before the BTA and that therefore the BTA erred when it ruled in the board of education's favor.

{¶ 17} In addition, our recent decision in *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d

782, requires a reversal of the BTA decision, which was reached on December 17, 2004, almost ten months before *Berea* was decided.

{¶ 18} In *Berea*, the court overruled two earlier decisions that had allowed boards of revision and the BTA to consider evidence rebutting the presumption that the arm's-length sale price reflected true value. Id. at ¶ 13. In interpreting R.C. 5713.03, the court stated:

{¶ 19} "In *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 412, 25 O.O.2d 432, 195 N.E.2d 908, we concluded: 'The best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. This, without question, will usually determine the monetary value of the property.' " *Berea*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 9.

{¶ 20} The court then discussed *Ratner v. Stark Cty. Bd. of Revision* (1986), 23 Ohio St.3d 59, 23 OBR 192, 491 N.E.2d 680 ("*Ratner I*"), in which the court held:

{¶ 21} "In determining true value for property, the board of revision and the BTA must at least consider and review evidence presented by independent real estate appraisers that adjusts the contract sale price to reflect both the price paid for real estate and the price paid for favorable financing." Id. at 62, 23 OBR 192, 491 N.E.2d 680.

{¶ 22} In reassessing the plain language of R.C. 5713.03, the court determined in *Berea* that *Ratner I* had strayed from the statutory mandate, and therefore we overruled *Ratner I* :

{¶ 23} "In accordance with the plain language of R.C. 5713.03 and our decision in [*Columbus Bd. of Edn. v. Fountain Square Assoc. Ltd.* (1984), 9 Ohio St.3d 218, 9 OBR 528, 459 N.E.2d 894], today we overrule *Ratner I* and [*Ratner v. Stark Cty. Bd. of Revision* (1988), 35 Ohio St.3d 26, 517 N.E.2d 915 ('*Ratner II* ') ] to the extent that they direct the board of revision and the BTA to 'consider and review evidence presented by independent real estate appraisers that adjusts the contract sale price to reflect both the price paid for real estate and the price paid for favorable financing,' *Ratner I*, 23 Ohio St.3d at 62, 23 OBR 192, 491 N.E.2d 680, and hold that when the property has been the subject of a recent arm's-length sale between a willing seller and a willing buyer, the sale price of the property shall be 'the true value for taxation purposes.' R.C. 5713.03. Accordingly, because the property at issue in this case had been recently sold in an arm's-length transaction for $2,600,000, the law requires that sale price to be the true value of that property for the tax year 1997." *Berea*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 13.

{¶ 24} *Ratner I*'s reasoning for rejecting the sale price as the true value was virtually identical to the BTA's reasoning in this case. The BTA based its reversal on what it believed was a lack of evidence on the *financing* of the sale. Even if the BTA had determined that there was insufficient evidence on financing, under *Berea*, that evidence is immaterial. The BTA wanted evidence on whether the financing terms were market-based. In reversing *Ratner I*, *Berea* held that evidence of financing was not to be considered if the property had recently been sold in an arm's-length transaction.

{¶ 25} Here, Bondo presented evidence of an arm's-length transaction. The board of education did not refute that evidence or present contrary evidence. The documents presented clearly what the "Combined Purchase Price" was, $1,134,000, allocated between the value of the property and carrying charges. According to *Berea*, that sale price establishes true value.

{¶ 26} Therefore, we reverse the decision of the BTA and reinstate the decision of the board of revision.

*Decision reversed.*

O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., concurs in judgment only.

MOYER, C.J., and RESNICK, J., dissent.

---

**PFEIFER, J., concurring in judgment only.**

{¶ 27} I concur in judgment.

{¶ 28} Nevertheless, I disagree with the majority's decision to endorse, once again, an unnecessarily rigid approach to the valuation of real property. See *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 17 (Pfeifer, J., concurring in judgment only). In doing so, the majority ignores R.C. 5715.01 and prohibits tax authorities from following that statute's mandate to consider "all facts and circumstances relating to the value of the property." Accordingly, I concur in judgment only.

---

Ennis, Roberts & Fischer and C. Bronston McCord III, for appellee Board of Education of the Lakota Local School District.

Siegel, Siegel, Johnson & Jennings Co., L.P.A., Erin K. Rooney, and J. Kieran Jennings, for appellant.