SOIN ET AL., APPELLANTS, v. GREENE COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Soin v. Greene Cty. Bd. of Revision,*
110 Ohio St.3d 408, 2006-Ohio-4708.]

(No. 2005–2070—Submitted August 8, 2006—Decided September 27, 2006.)

———————————

**Per Curiam.**

{¶ 1} The appellants, Rajesh K. Soin and Indu Soin, challenge the value assigned to their real property by the Greene County Auditor for tax year 2003. The property—identified in the county auditor's records as parcel number B42–0004–0016–0–0002–00—covers 89.409 acres of land in the city of Beavercreek. A six-bedroom residence containing more than 25,800 square feet of living space is located on the property. Construction of the home began in 2002, and it was completed in 2004.

{¶ 2} The Greene County Auditor fixed the true value of the property at $3,645,840 for tax year 2003, concluding that the land itself was worth $272,180 and the improvements to the property were worth $3,373,660. The property owners asked the Greene County Board of Revision to reduce that valuation, arguing that the property was worth only $1,428,000 on January 1, 2003.

{¶ 3} The Board of Revision determined that the county auditor had undervalued the land itself but had overvalued the improvements. According to the Board of Revision, the total true value of the property on January 1, 2003, was $3,736,800, which included $1,598,320 for the land and $2,138,480 for the improvements. The Soins then filed an appeal under R.C. 5717.01 with the Board of Tax Appeals ("BTA"), in which they again asked that the property's value be set at $1,428,000. The BTA held a hearing and then affirmed the decision of the Board of Revision.

{¶ 4} The property owners have now appealed to this court. For the reasons that follow, we affirm the BTA's decision.

{¶ 5} "When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of

education, to prove its right to an increase [in] or decrease from the value determined by the board of revision." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 566, 740 N.E.2d 276. And when the BTA is considering testimony and appraisal reports about the value of property, "the BTA possesses wide discretion in evaluating the weight of the evidence and the credibility of the witnesses that come before it." *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision* (1999), 85 Ohio St.3d 609, 613, 710 N.E.2d 681.

{¶ 6} At the hearing before the BTA, a state-certified real-estate appraiser testified on behalf of the property owners. That appraiser—Stephen Weis—calculated a value for the property under two different methods: (1) the sales-comparison approach, which focuses on the prices of comparable properties that have changed hands recently, and (2) the cost approach, which focuses on the cost of replacing the improvements on the property. Weis relied on both valuation methods to reach his final conclusion, and he appraised the entire property's value at $272,180, which was the value of the land alone, according to the county auditor. Weis explained that had the Soins' home been finished on January 1, 2003, the property would have been worth $2,470,000. But because the home and other improvements were unfinished on that date, and—as Weis explained in his written appraisal report—"the cost to finish the project at that stage [was] greater than the overall value when complete," he concluded that the market value of the improvements on the property was $0 on the tax lien date, and he simply accepted the county auditor's $272,180 appraisal of the land itself.

{¶ 7} The BTA found Weis's opinion unconvincing. The properties that Weis examined in connection with his sales-comparison analysis did not provide "any meaningful basis of comparison" to the property at issue in Greene County, according to the BTA. The BTA also found that Weis, when developing his cost analysis, "inexplicably failed to obtain the actual cost data" from the construction of the Soins' home on the property in question. And according to the BTA, Weis's opinion that the improvements on the property had zero value and that the total valuation of the land and improvements amounted to $272,180 on January 1, 2003, was "unsupportable."

{¶ 8} Weis testified at the BTA hearing that he did not do an appraisal of the land itself, but instead assumed that the land value determined by the county auditor—$272,180—was correct. Weis's written appraisal and his testimony before the BTA focused solely on the value of the home and other improvements on the property.

{¶ 9} In their appeal to this court, however, the property owners focus not on the value of the improvements but rather on the value of the land itself. They contend that the board of revision and the BTA improperly set the value of the

land at $1,598,320 rather than adhering to the much lower amount determined by the county auditor.

{¶ 10} In affirming the board of revision's higher value for the land itself, the BTA cited a "comparable sale of vacant land." A certified copy of a conveyance fee form from that sale was made a part of the record at the BTA hearing, and the property owners' appraiser acknowledged that the 37.494-acre parcel described on that form—which sold for $662,500 (or $17,669 per acre) in April 2004—was adjacent to the property in question. The BTA concluded that the board of revision's decision to set the value of the land at issue in this case at $1,598,320—which equated to a $60,000 value for the one-acre home site and $17,400 per acre for the remaining 88.409 acres of land—was "well supported" by the evidence, and the BTA likewise adopted that value for the land.

{¶ 11} We find no grounds to overturn the BTA's decision. Certainly, the BTA was entitled to reject the testimony that the property owners' appraiser offered concerning the value of the improvements, for as we have said, the BTA "is not required to adopt the appraisal methodology espoused by any expert or witness." *Hotel Statler v. Cuyahoga Cty. Bd. of Revision* (1997), 79 Ohio St.3d 299, 303, 681 N.E.2d 425. In any event, the property owners have not challenged in this appeal the value set by the BTA for the improvements on the property.

{¶ 12} As for the value of the land itself that the property owners do challenge here, we have explained that the BTA's decision in a valuation case such as this will be reversed by this court "only when it affirmatively appears from the record that such decision is unreasonable or unlawful." *Throckmorton v. Hamilton Cty. Bd. of Revision* (1996), 75 Ohio St.3d 227, 229, 661 N.E.2d 1095. In light of the evidence presented by the county defendants at the BTA hearing concerning an arm's-length sale of adjacent land, and in light of the property owners' failure to present an appraisal of their own land (as opposed to an appraisal of the improvements on that land), we cannot say that the BTA acted unreasonably when it adopted the board of revision's valuation for the land itself.

{¶ 13} The property owners urge us to reweigh the evidence and to return the land value to the amount originally set by the county auditor. Yet this court "does not sit either as a super BTA or as a trier of fact de novo." *DAK, PLL v. Franklin Cty. Bd. of Revision*, 105 Ohio St.3d 84, 2005-Ohio-573, 822 N.E.2d 790, ¶ 16. "The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities." Id. at ¶ 14.

{¶ 14} Both the board of revision and the BTA have examined the evidence, and both have agreed on the proper value of the land and the improvements in question. "The BTA has wide discretion to determine the weight given to evidence and the credibility of witnesses before it." *Meijer, Inc. v. Montgomery*

*Cty. Bd. of Revision* (1996), 75 Ohio St.3d 181, 185, 661 N.E.2d 1056. "[I]t is not the function of this court to substitute its judgment on factual issues for that of the Board of Tax Appeals." *Citizens Financial Corp. v. Porterfield* (1971), 25 Ohio St.2d 53, 57, 54 O.O.2d 191, 266 N.E.2d 828.

{¶ 15} The BTA's decision to accept the board of revision's valuation is reasonable and is supported by evidence presented at the BTA hearing, and we find that the BTA did not abuse its discretion in reaching that conclusion. The decision of the BTA is therefore affirmed.

Decision affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———

Coolidge, Wall, Womsley & Lombard Co., L.P.A., and Jonas J. Gruenberg, for appellants.

Rich, Crites & Dittmer and James R. Gorry, for appellees Greene County Board of Revision and Greene County Auditor.