OPINION
{¶ 1} In this consolidated appeal, appellant, RLG Properties, L.L.C. ("RLG"), appeals from the January 13, 2006 decision of the Ohio Board of Tax Appeals ("BTA") affirming the August 27, 2004 decision of appellee, Franklin County Board of Revision ("BOR"). Appellant, Woodbury Commons, Inc. ("Woodbury"), appeals from a different January 13, 2006 decision of the BTA affirming another August 27, 2004 decision of the BOR. For the following reasons, we affirm the decisions of the BTA.
 {¶ 2} On March 31, 2004, RLG filed two complaints against the valuation of real property with the BOR, requesting a decrease in the valuation of properties based on an alleged recent arm's-length sale involving the properties. The subject property of one of the complaints is located in the Columbus City School taxing district, Franklin County, Ohio, and has been identified as parcel Nos. 010-134969, 010-113359, 010-134710, 010-134711, 010-134712, 010-134713, 010-134714, 010-134966, 010-134967, and 010-134968. Upon consideration of the request, the BOR determined that the valuation would remain unchanged. On September 24, 2004, RLG timely appealed the determination of the BOR to the BTA, challenging the values assigned to the subject property by the BOR. By decision entered January 13, 2006, the BTA determined that there was insufficient evidence to support a finding that the subject property was transferred in an arm's-length transaction. RLG appeals to this court from the decision of the BTA. That appeal has been docketed under case No. 06AP-132.
 {¶ 3} The property that was the subject of the other complaint filed by RLG is located in the Columbus City School taxing district, Franklin County, Ohio, and has been identified as parcel Nos. 010-065706, 010-002296, and 010-003914. Woodbury acquired ownership of those parcels from RLG subsequent to RLG filing the complaint challenging the valuation of those parcels, and, therefore, had standing to pursue the appeal. Upon consideration of the request, the BOR determined that the valuation would remain unchanged. On September 21, 2004, Woodbury timely appealed the determination of the BOR to the BTA, challenging the values assigned to the subject property by the BOR. By decision entered January 13, 2006, the BTA determined that Woodbury failed to prove the right to the value asserted. Woodbury filed two notices of appeal with this court. Those appeals were docketed under case Nos. 06AP-133 and 06AP-134.
 {¶ 4} On April 13, 2006, this court sua sponte consolidated the two appeals involving Woodbury. Subsequently, on July 18, 2006, this court sua sponte consolidated case No. 06AP-132 with case Nos. 06AP-133 and 06AP-134. Although they filed separate briefs, appellants have asserted the same assignment of error, which is as follows:
The Board of Tax Appeals erred in affirming the decision of the Franklin County Board of Revision to deny a lower valuation of Appellant's property because the decision of the Board of Tax Appeals was arbitrary, capricious, an abuse of discretion and unsupported by the preponderance of substantial, reliable, and probative evidence.
 {¶ 5} By their identical assignments of error, the appellants argue that the BTA erred in affirming the applicable decisions of the BOR denying the requests for a decrease in the valuation of real property. Both appellants specifically argue that the properties were sold to RLG in an arm's-length transaction, and, therefore, the purchase price should be considered by the Franklin County Auditor as the true value for taxation purposes. In addition, both appellants argue that the decisions of the BTA and BOR were arbitrary because they relied on the determination that the transaction was not an arm's-length transaction and failed to provide appraisal or supporting standards to the contrary. We find appellants' arguments to be unpersuasive.
 {¶ 6} R.C. 5717.04, which sets forth this court's standard of review for appeals from the BTA, provides in part:
If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.
Thus, we must affirm a decision of the BTA unless that decision was unreasonable or unlawful.
 {¶ 7} In this matter, appellants seek a decrease in the value of the properties as determined by the BOR. "When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase [in] or decrease from the value determined by the board of revision." ColumbusCity School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision
(2001), 90 Ohio St.3d 564, 566. Thus, it was appellants' burden to prove their right to a decrease from the value determined by the BOR in regard to the properties at issue. Appellants failed to meet that burden.
 {¶ 8} As indicated above, appellants' central argument is that RLG purchased the subject properties in an arm's-length transaction, and, therefore, the sales price allocated between the subject properties constitutes their true value for taxation purposes. Although they do not state as such, both appellants clearly are relying upon R.C. 5713.03 as support for their valuation challenges. R.C. 5713.03 provides that if a "tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time * * * the auditor shall consider the sale price * * * to be the true value for taxation purposes." In construing R.C. 5713.03, the Supreme Court of Ohio has held that "[t]he best evidence of the `true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." Conalco, Inc. v. Monroe Cty. Bd. of Revision
(1977), 50 Ohio St.2d 129, paragraph one of the syllabus. "[A]n arm's-length sale is characterized by these elements: it is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." Walters v. Knox Cty. Bd. of Revision (1989),47 Ohio St.3d 23, at syllabus. In addition, in Berea City SchoolDist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,106 Ohio St.3d 269, 2005-Ohio-4979, at ¶ 13, the Supreme Court of Ohio held as follows:
In accordance with the plain language of R.C. 5713.03 and our decision in [Columbus Bd. of Edn. v. Fountain Square Assoc.Ltd. (1984), 9 Ohio St.3d 218], today we * * * hold that when the property has been the subject of a recent arm's-length sale between a willing seller and a willing buyer, the sale price of the property shall be "the true value for taxation purposes." * * *
 {¶ 9} The properties at issue in this consolidated appeal were acquired by RLG in essentially the same manner, and, even though the parties disagree as to whether the transaction should be characterized as an arm's-length sale, the factual circumstances surrounding that acquisition are largely undisputed. The previous titleholder of the subject properties, D.A.L. Group, Inc. ("D.A.L. Group"), was delinquent in its payment to its mortgagee. RLG purchased, from an intermediary, the mortgage note that was secured by properties owned by D.A.L. Group, including the subject properties, and RLG instituted foreclosure proceedings. Prior to the scheduled sheriff's foreclosure sale, D.A.L. Group filed for bankruptcy protection. In view of the bankruptcy filing, RLG became a creditor of the bankrupt's estate. RLG moved for relief from the bankruptcy stay, and that request was granted by the bankruptcy court. The release from stay required the debtor, D.A.L. Group, to sell the properties at auction. RLG purchased the properties for the amount of the antecedent debt, and an additional $10,000, paid to the bankrupt estate. RLG became the titleholder of the properties on November 10, 2003.
 {¶ 10} RLG's acquisition of the subject properties was a result of two separate and distinct transactions. See DublinSenior Community Ltd. Partnership v. Franklin Cty. Bd. ofRevision (1997), 80 Ohio St.3d 455, 459 (finding two separate and distinct transactions when a party purchases a note and mortgage and subsequently receives fee simple title to the real property at a sheriff's foreclosure auction by making the highest bid). However, neither of the transactions constitutes an arm's-length transaction that would establish the best evidence of true value for the subject properties.
 {¶ 11} By purchasing the mortgage note, RLG did not acquire the fee simple title to any tract, lot, or parcel of real property. See Dublin Senior Community Ltd. Partnership; see, also, R.C. 5713.03. Therefore, that transaction did not constitute an "arm's length sale" of a "tract, lot, or parcel" for purposes of R.C. 5713.03.
 {¶ 12} In addition, the actual transfer of title of each of the subject properties did not occur as a result of an arm's-length transaction between a willing buyer and a willing seller. The transfer of title of the properties occurred within the context of bankruptcy proceedings. Immediately prior to the scheduled sheriff's foreclosure sale, D.A.L. Group filed for bankruptcy protection. RLG, as a creditor, filed a motion for relief from stay and an order authorizing the sale of the subject properties. The bankruptcy court, in an agreed order that resolved RLG's motion for relief from stay, required D.A.L. Group to auction the properties to the highest bidder. Thereafter, RLG purchased and acquired title to the properties. In effect, RLG acquired title through a forced sale that was disqualified by R.C. 5713.04 as criterion of value for establishing value. See R.C. 5713.04 (providing that "[t]he price for which such real property would sell at auction or forced sale shall not be taken as the criterion of its value.").
 {¶ 13} Under the circumstances of this case, we can only conclude that the subject properties were not acquired by RLG as a result of an arm's-length transaction between a willing seller and a willing buyer. Therefore, appellants failed to prove their right to a decrease from the value determined by the BOR. Consequently, we find that the decisions of the BTA, from which RLG and Woodbury appeal, are reasonable and lawful, and, in view of R.C. 5717.04, they must be affirmed by this court. Accordingly, we overrule the assignments of error of appellants RLG and Woodbury and affirm the decisions of the Board of Tax Appeals.
Decisions affirmed.
Bryant and Brown, JJ., concur.