OPINION
{¶ 1} Appellant, Powderhorn Country Club, LLC, appeals from the March 23, 2007 decision of the Ohio Board of Tax Appeals. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History *Page 2 
 {¶ 3} On March 30, 2005, appellant ("Powderhorn"), filed a real property tax valuation complaint for the 2004 tax year with the Lake County Board of Revision ("BOR"). In August 2004, Powderhorn purchased the property together with all the business fixtures and personal property for $4,100,000. The property, on which is situated a country club and golf course, consists of eight parcels of land, five of which are at issue on this appeal. The total consideration for the real property as listed on the conveyance fee statement was $3,752,000. Following the sale, the auditor adjusted and increased the taxable value of the property to $376,020 from $181,780 for the 2004 tax year.
 {¶ 4} The Madison County School Board ("BOE") filed a counter complaint, arguing that the true value of the property should be increased to reflect the market price, or rather, the price of the recent arms-length sale, $3,752,000. Thus, the BOE sought an increase of $881,250 in the property's taxable value to $1,313,200 (35% of true value).
 {¶ 5} Powderhorn argued that the auditor should have classified certain improvements as business fixtures, and that these should have been excluded from the appraisal. Since these business fixtures were incorrectly included, Powderhorn argued that the previous tax assessment of $181,780 should remain in effect and that the sale of the property should have no effect on the property's value. Powderhorn also submitted to the BOE property record cards and tax bills for each of the eight parcels, citing these as evidence of the misclassified improvements.
 {¶ 6} The BOR held a hearing on July 13, 2005, at which time the auditor, the BOE, and Powderhorn presented their estimated valuations of the property. The BOR *Page 3 
voted to increase the property's true value to reflect the current market price, which was based on the recent arms-length sale. On August 3, 2005, the BOR issued its decision to increase the property's true value to $3,752,000 and it assessed a tax of $1,313,200 for the 2004 tax year.
 {¶ 7} Powderhorn appealed to the Ohio Board of Tax Appeals ("BTA"), naming the BOR and the BOE as appellees. The parties waived their rights to appear at the hearing and submitted the matter to the BTA on the statutory transcript and briefs. Both the auditor and Powderhorn argued that the taxable value of the property (land only) should be $143,140, whereas the BOR assessed the taxable value of the land to be $911,540. The auditor and Powderhorn differed in their appraisals of the buildings on the property. Thus, the auditor asserted that the total taxable value was $376,020; $143,140 for the land and $232,880 for the property. Powderhorn asserted that the total taxable value of the property should be $143,140 since Powderhorn valued the taxable value of the buildings at $0. The BOR's total taxable value of the property was $1,117,110, after valuing the tax against the land at $911,540, and the building at $205,570.
 {¶ 8} After reviewing the record the BTA determined that Powderhorn had "failed to carry its burden and provide competent, probative evidence of value of the subject real property, including probative evidence of the alleged misclassification of certain items included in the subject real property assessment." Powderhorn failed to provide the BTA with "specific, individualized valuations for any of the items deemed to be real property improvements, only totals for the overall improvement category." On March 23, 2007, the BTA affirmed the decision of the BOR to increase the true value of *Page 4 
the property since the valuation was based on the market price or sale price of $3,752,000.
 {¶ 9} Thus, for the five parcels on appeal, the BTA affirmed the BOR's determination that Parcel A's total taxable value was $166,260; Parcel B's total taxable value was $409,870; Parcel C's total taxable was $270,340; Parcel D's total taxable value was $187,950; and Parcel E's total taxable value was $130,450. The total assessed taxable value for the five parcels for the 2004 tax year was $1,164,870.
 {¶ 10} Subsequently, Powderhorn appealed to this court on April 19, 2007. The Ohio Association of School Business Officials filed an amicus curiae brief in support of the tax increase and a valuation of the property based on a market based valuation, which in this case was evidenced by the recent arms length sale of the property. The Ohio Golf Course Owners Association filed an amicus curiae brief in support of Powderhorn. Powderhorn raises two assignments of error:
 {¶ 11} "[1.] The Board of Tax Appeals erred to the prejudice of Plaintiff-Appellant by failing to re-classify the improvements on the subject property as business improvements rather than real property for taxation purposes.
 {¶ 12} "[2.] The Board of Tax Appeals erred to the prejudice of Plaintiff-Appellant in making its decision, by acting arbitrary, unreasonable, and against the manifest weight of the evidence as a result of its failure to consider all of the evidence of the statutory transcript, specifically the Lake County Auditor's property record cards and tax bills for the tax parcels."
 {¶ 13} Improvements on Real Property *Page 5 
 {¶ 14} Powderhorn asserts in its first assignment of error that the BTA erred to the prejudice of Powderhorn by failing to reclassify the improvements on the property as business fixtures rather than improvements for real property taxation purposes. We find this assertion to be without merit.
 {¶ 15} "The BTA's decision in a valuation case such as this will be reversed * * * `only when it affirmatively appears from the record that such decision is unreasonable or unlawful.'" Soin v. Green Cty. Bd. ofRevision, 110 Ohio St.3d 408, 2006-Ohio-4708, ¶ 12, quotingThrockmorton v. Hamilton Cty. Bd. of Revision (1996), 75 Ohio St.3d 227,229.
 {¶ 16} Further, "this court does `not sit either as a super BTA or as a trier of fact de novo.'" Id. at ¶ 13, citing DAK, PLL v. Franklin Cty.Bd. of Revision, 105 Ohio St.3d 84, 2005-Ohio-573, ¶ 16. "The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities.'" Id., citing DAK at ¶ 14.
 {¶ 17} Moreover, "`[t]he BTA has wide discretion to determine the weight given to evidence and the credibility of witnesses before it.'" Id. at ¶ 14, quoting Meijer, Inc. v. Montgomery Cty. Bd. ofRevision (1996), 75 Ohio St.3d 181, 185. "`[I]t is not the function of this court to substitute its judgment on factual issues for that of the Board of Tax Appeals.'" Id. quoting Citizens Financial Corp. v.Porterfield (1971), 25 Ohio St.2d 53, 57.
 {¶ 18} We agree with the BTA that a review of the statutory transcript and the briefs submitted on this appeal provides no evidence that improvements on the property were misclassified. Specifically, Powderhorn has failed to submit any evidence of the *Page 6 
improvements and what exactly was mischaracterized at the BOR hearing and in its brief submitted to the BTA. Powderhorn merely gave a general value for the improvements. For the first time in its reply brief to the BTA and on this appeal Powderhorn submitted a bit more specificity of what the misclassified improvements constitute.
 {¶ 19} It is fundamental that "[w]hen cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase or decrease from the value determined by the board of revision." Bd. of Edn. of Columbus City School Dist. v Franklin Cty. Bd.of Revision (2001), 90 Ohio St. 3d 564, 566, citing Cincinnati SchoolBd. of Edn. v. Hamilton Cty. Bd. of Revision (1997), 78 Ohio St.3d 325,328. "The appellant before the BTA must present competent and probative evidence to make its case; it is not entitled to a reduction or an increase in valuation merely because no evidence is presented against its claim." Id.
 {¶ 20} Thus, Powderhorn, as the appellant, had to present competent and credible evidence that the improvements on the property were incorrectly classified, which it failed to do. The BTA found that Powderhorn failed to allege with any specificity the improvements that were misclassified on the property. Powderhorn merely submitted real property cards and tax bills for the parcels of land at issue. The BTA further remarked that "no evidence or testimony was received regarding the specific items of alleged personal property/business fixtures that are included in the current real property tax assessment. Further, no testimony was offered about the nature of such items, including but not limited to how such items came to be part of the subject *Page 7 
property, the value attributable to such items, and the uses to which such items were put."
 {¶ 21} Indeed, it is not until the submission of Powderhorn's reply brief to the BTA on appeal that we find a delineation of improvements of the alleged business fixtures. In its written submission to the BOR, Powderhorn generally described the alleged business fixtures in question as "asphalt golf cart paths, machine and equipment sheds, irrigation systems, greens and other standard gold [golf sic] course improvements * * *" In its brief on appeal to the BTA the improvements were again only generally described. In its reply brief on appeal we find only a description of the lineal feet of the cart path, the number of bunkers, and the number of rows and sprinkler heads contained in the irrigation system. There is no itemization of specific values for each item, no evidence as to when and how the improvements were first installed, and most importantly, no evidence that the items have no substantial use beyond that in the operation of a golf course.
 {¶ 22} Since Powderhorn submitted the matter on the statutory transcript and briefs and waived its right to appear at the hearing, without introducing any new evidence, the BTA was bound to determine the classification of the improvements and the fair market price for the property from the record below unless it determined that there was no basis for the valuation. "When the BTA reviews the evidence in a case in which the statutory transcript is the only evidence, the BTA must review the transcript and `make its own independent judgment based on its weighing of the evidence contained in the transcript.'" Bd. of Edn. ofColumbus City School Dist. at 567, citing Columbus Bd. of Edn. v.Franklin Cty. Bd. of Revision (1996), 76 Ohio St.3d 13, 15. *Page 8 
Quite simply, Powderhorn failed to submit competent and probative evidence that the improvements on the property were misclassified and that the BOR valued the property improperly.
 {¶ 23} Powderhorn argues that the proper valuation of the property should have been determined by using the appropriation to use test, which the Supreme Court of Ohio set forth in Funtime, Inc. v.Wilkins, 105 Ohio St.3d 74, 2004-Ohio-6890, and that determines whether an improvement should be classified as a business fixture and thus, excluded from a real property valuation tax assessment.
 {¶ 24} In Funtime, the subject matter of the disputed improvements was clear, as the case addressed the classification of three roller coasters. However, this case presents a different situation and level of evidence from Funtime in that Powderhorn has failed to allege with any specificity the alleged misclassified business fixtures.
 {¶ 25} In this case Powderhorn did not submit an expert report, an independent appraisal, or even an itemized list of the alleged misclassifications. It attempted to rely on conclusory statements that the improvements would be of no benefit to any other kind of business or use of the land and thus did not primarily benefit the realty. It further argues that the record cards and the tax bills submitted provide sufficient probative evidence. Our review of these documents results in a contrary conclusion and supports the BTA's determination.
 {¶ 26} As to the valuation issue, we cannot say that the BTA acted improperly in affirming the BOR's decision to value the property according to the market price it recently sold for since "`the best evidence of true value is the actual sale of the property in an arm's length transaction.'" Lakota Local School Bd. of Edn. v. Butler Cty. Bd.of *Page 9 Revision, 108 Ohio St.3d 310, 2006-Ohio-1059, ¶ 14, citing Conalco, Inc.v. Monroe Cty. Bd. of Revision (1977), 50 Ohio St. 129, 130.
 {¶ 27} In State, ex rel. Park Invest. Co. v. Bd. of Tax Appeals
(1964), 175 Ohio St. 410, 412, the Supreme Court of Ohio concluded that "`[t]he best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. This, without question, will usually determine the monetary value of the property.'" See, also, Berea City School Dist. Bd.of Edn. v. Cuyahoga Cty. Bd. of Revision, 106 Ohio St.3d 269,2005-Ohio-4979, ¶ 9. Thus, the BTA based its valuation on the market sale price that was evidenced by the recent sale of the property. Without evidence that the consideration listed on the conveyance statement for the property was in error we cannot find that the BTA acted improperly in affirming the BOR's decision to value the property accordingly.
 {¶ 28} Powderhorn's first assignment of error is without merit.
 {¶ 29} Manifest Weight of the Evidence
 {¶ 30} In its second assignment of error, Powderhorn argues that the BTA acted in an arbitrary and unreasonable manner and against the manifest weight of the evidence by affirming the decision of the BOR to increase the property's true value to reflect the current market price. Specifically, Powderhorn argues that the BTA failed to consider the auditor's property record cards and tax bills for five of the eight parcels that comprise the property. We find this argument to be without merit.
 {¶ 31} As we stated in Powderhorn's first assignment of error, "the BTA's decision in a valuation case such as this will be reversed by this court `only when it *Page 10 
affirmatively appears from the record that such decision is unreasonable or unlawful.'" Soin at ¶ 12, citing Throckmorton at 229.
 {¶ 32} "When the BTA reviews the evidence in a case in which the statutory transcript is the only evidence, the BTA must review the transcript and `make its own independent judgment based on its weighing of the evidence contained in the transcript.'" Bd. of Edn. of ColumbusCity School Dist. at 567.
 {¶ 33} "The duty of the BTA on an appeal from a board of revision is set forth in R.C. 5717.03, which provides that `the board of tax appeals shall determine the taxable value of the property whose valuation * * * is complained of.' Therefore, in an appeal from a board of revision it is the BTA's duty `* * * to establish the taxable value of the property.'" Id. at 567, citing Columbus Bd. of Edn. at 15.
 {¶ 34} Further, "[t]he BTA need not adopt any expert's valuation, and has wide discretion in granting weight to evidence and credibility to witnesses; it may find all or part or none of the testimony and evidence presented by either party to be credible and probative." Westhaven, Inc.v. Wood Cty. Bd. of Revision (1998), 81 Ohio St.3d 67, 70, citingR.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision (1988),38 Ohio St. 3d 198, 201; Witt Co. v. Hamilton Cty. Bd. of Revision (1991),61 Ohio St.3d 155, 157.
 {¶ 35} Thus, "we will not reverse the BTA's determination on credibility of witnesses and weight given to their testimony unless we find an abuse of discretion." Id., citing Natl. Church Residence v.Licking Cty. Bd. of Revision (1995), 73 Ohio St. 3d 397. An abuse of discretion involves more than an error of judgment but connotes that the trial court's attitude was unreasonable, unconscionable, or arbitrary.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 11 
 {¶ 36} A review of the statutory transcript reveals that Powderhorn failed to submit any evidentiary proof of the improvements or their valuations. Without more, it cannot be determined what the characteristics of the alleged business fixtures are, whether they were misclassified as improvements, and if so what their proper value should be. Powderhorn argues that the BTA failed to consider the auditor's property record cards and tax bills for five of the eight parcels. Powderhorn fails to realize that this evidence is nonspecific in nature and merely cites that improvements were made to the parcels at issue. No expert testimony was given and no independent appraisal report was conducted. It is imperative that "the burden is on the taxpayer to prove his right to a deduction." Westhaven at 70, citing Cincinnati SchoolDist. Bd. of Edn. at 325.
 {¶ 37} After finding that Powderhorn failed to submit any evidence of any specificity of the alleged mischaracterized improvements, the BTA went on to review whether there was any basis for the BOR's taxable value of the property. The BTA found that the BOR had relied on the recent arms-length sale of the property to determine its taxable value, which the auditor had also relied on to formulate his appraisal. Since "`[t]he best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. This, without question, will usually determine the monetary value of the property.'" Lakota Local School Dist. Bd. ofEdn. at ¶ 19, citing State ex rel. Park Invest. Co. at 412.
 {¶ 38} Moreover, the Supreme Court of Ohio has often observed that "`appraisals based upon factors other than sales price are appropriate for use in determining value only when no arm's-length sale has taken place, or where it is shown that the sales *Page 12 
price is not reflective of the true value.'" (Emphasis added; citations omitted.) Berea City School Bd. of Edn. at ¶ 15, citing Columbus Bd. ofEdn. v. Fountain Square Assoc, Ltd. (1984), 9 Ohio St.3d 218, 219. Powderhorn failed to submit any evidence that the sales price, as listed on the conveyance statement, is not reflective of the true value of the property.
 {¶ 39} We find no abuse of discretion in the BTA's determination that the sales price is reflective of the property's taxable value and so assessed it accordingly.
 {¶ 40} Powderhorn's second assignment of error is without merit.
 {¶ 41} The judgment of the Ohio Board of Tax Appeals is affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1