**HIGHLAND CREST ASSOCIATES, L.L.C., Appellant,**

v.

**LUCAS COUNTY BOARD OF REVISION et al., Appellees.**

[Cite as *Highland Crest Assoc., L.L.C. v. Lucas Cty. Bd. of Revision*, 194 Ohio App.3d 127, 2011-Ohio-2078.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–10–1239.

Decided April 29, 2011.

Richard A. Chase, for appellant.

Michael W. Bragg, for appellee Toledo Public Schools.

---

HANDWORK, Judge.

{¶ 1} This appeal is from the August 20, 2010 judgment of the Lucas County Court of Common Pleas, which reversed the decision of the Lucas County Board of Revision. Upon consideration of the assignment of error, we reverse the decision of the lower court. Appellant, Highland Crest Associates, L.L.C., asserts the following single assignment of error on appeal:

{¶ 2} "The trial court in its Opinion and Judgment Entry of August 9, 2010 erred in reversing the Board of Revision's decision finding that the appropriate tax value of the property is in the amount of $360,000 and finding that the $660,731 sale price was the appropriate tax value."

{¶ 3} The following facts are derived from the evidence submitted at the hearing before the Board of Revision and the undisputed facts set forth by the parties.

{¶ 4} The property at issue is a 20–unit, low-income-family housing facility located in Toledo, Ohio. The project was built in 1986 by Edward Schroeder III and operated by Highland Crest Associates, Ltd. (of which Schroeder was the sole general partner). When the property was built, it was financed under Section 221(d)(4) of the National Housing Act, which provides for mortgage insurance to the purchaser of the debt. The property was sold in 2008 to appellant, Highland Crest Associates, L.L.C. (of which Dennis Kennedy is the sole member).

{¶ 5} The purchase agreement, dated February 11, 2008, indicates that the property was sold for $660,731, the balance due at the time of closing on the

federally insured loan. As part of the sale, Highland Crest Associates, Ltd., as seller, elected to participate in the Mark-to-Market Program created by the Multifamily Assisted Housing Reform and Affordability Act of 1997. As part of the agreement, the Office of Affordable Housing Preservation agreed to restructure the debt and pay off the original loan in full at closing. The loan was paid off by the Federal Housing Administration and not appellant. The seller did not receive any proceeds from the sale other than the forgiveness of its debt. The purchase agreement reflected the entire balance owed on the debt to prevent the forgiveness of the debt from being treated as taxable income to the Schroeder family.

{¶ 6} After the sale, on March 31, 2008, appellant filed a complaint against valuation of real property ("the 2008 case") with the Lucas County Board of Revision. Appellant argued that the fair-market value of the property for the prior 2007 tax year was $358,000 and not $405,700 as determined by the Lucas County Auditor. The Lucas County Board of Revision issued a decision on October 9, 2008, upholding the auditor's determination that the property had a market value of $405,700. Appellant sought an appeal to the Lucas County Court of Common Pleas pursuant to R.C. 5717.05.

{¶ 7} Appellant argued in that appeal that when the sale was contemplated, counsel for the Lucas County Board of Revision reviewed the sale and contacted the federal agency regarding the sale. The auditor also had an appraiser view the premises to assess its true value and was satisfied that the true value was $360,000 for 2007. On August 4, 2009, a consent judgment entry with summary appraisal was filed in the Lucas County Court of Common Pleas, by which the Lucas County Board of Revision and appellant agreed to the valuation of the property at $360,000 for 2007, which should "be carried forward according to law." The Toledo Public Schools Board of Education ("appellee"), was listed in the notice of appeal as a party, but was not party to that action.

{¶ 8} While the 2008 litigation was pending, a second litigation ("the 2009 case") arose regarding the tax valuation for the 2008 tax year. On March 27, 2009, appellee filed a complaint with the Lucas County Board of Revision regarding the auditor's valuation of the same property for the 2008 tax year. Appellant filed a counter-complaint on May 8, 2009, asserting that the $407,500 valuation was excessive under R.C. 5717.05. Appellee argued that the property had been sold on February 28, 2008, for $660,731 and that this amount reflected the true market value of the property.

{¶ 9} At a hearing before the board, a commercial real estate appraiser testified that he appraised the property on behalf of appellant and determined the value of the property under two methods. The appraiser concluded that the property had a market value of $360,000. Appellee took issue with the details of

the appraisal process, but more importantly with the issue of whether the appraisal was relevant at all when there was an arm's-length sale and a purchase agreement setting forth the purchase price. Appellant argued that this was not an arm's-length transaction because the federal agency controlled every number that was involved in the transaction. Furthermore, the closing statement reflected that the only "proceeds" paid to the seller was the balance due on the mortgage.

{¶ 10} The board held on August 11, 2009, that the property's market value was $405,700 as of January 1, 2008. Therefore, on August 19, 2009, appellant again filed an administrative appeal to the Lucas County Common Pleas Court pursuant to R.C. 5717.05 because although the board had ruled in appellant's favor and upheld the prior agreement, the board had mistakenly reflected the former value of $405,700 in its decision.

{¶ 11} In the 2009 appeal, appellant argued first that the assessed value of the property was excessive because the fair-market value of the property is $360,000 and there was no evidence or testimony presented at the hearing upon which the Lucas County Board of Revision could base its finding. Second, appellant argued that the Board of Revision erred by not affirming the previously agreed-upon $360,000 market value of the property evidenced by the consent judgment entry filed on August 4, 2009, in the 2008 case. Third, appellant argued that the complaint filed by appellee on March 27, 2009, should have been dismissed on the grounds of res judicata.

{¶ 12} The Lucas County Auditor and Lucas County Board of Revision confirmed that the parties had reached an agreement that the value of the property for 2007 was $360,000, which was to be carried forward into the 2008 tax year. In the 2008 case, the board came to the same conclusion again and intended to retain the 2007 value of $360,000. Attached to the joint brief of the Lucas County Board of Revision and Lucas County Auditor was a letter from the deputy auditor to the Lucas County Court of Common Pleas, stating that the board had intended to leave the value of the property the same for the 2008 tax year as the parties had agreed for the 2007 tax year.

{¶ 13} Appellee argued on appeal that the sale price of $660,731 listed in the purchase agreement reflects the fair-market value of the property pursuant to common law and R.C. 5713.03 because this was an arm's-length transaction. Appellee further argued that the Lucas County Board of Revision was not bound by the consent judgment because it related only to the 2007 tax year.

{¶ 14} On August 10, 2010, the trial court issued its decision in the 2009 case. The court noted that appellant, the Lucas County Board of Revision, and the Lucas County Auditor all sought to have the true value set at $360,000 as they had stipulated for the 2007 tax year. Appellee sought the higher valuation to

match the purchase agreement sales price. The trial court determined that the purchase agreement reflected the true market value of the property and that the issue before this court was not res judicata because the prior litigation involved a different tax year.

{¶ 15} On the present appeal to this court, appellant argues in its sole assignment of error that the trial court erred in reversing the decision of the Lucas County Board of Revision and by not finding that the taxable market value of the property was $360,000.

{¶ 16} Pursuant to R.C. 5717.05, the court of common pleas may determine the appeal based upon the record and the evidence submitted, or may hear and consider additional evidence. The court is directed to "determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of * * *." While the court's review is de novo, there need not be a trial de novo. *Black v. Cuyahoga Cty. Bd. of Revision* (1985), 16 Ohio St.3d 11, 14, 16 OBR 363, 475 N.E.2d 1264.

{¶ 17} Any party may appeal the judgment of the court of common pleas to the court of appeals on questions of law only. R.C. 5717.05. Our standard of review, set by the Ohio Supreme Court, is abuse of discretion. *Black* and *Fairlawn Assoc., Ltd. v. Summit Cty. Bd. of Revision,* 9th Dist. No. 22238, 2005-Ohio-1951, 2005 WL 956989, ¶ 10, fn. 1. Since either the board of tax appeals or the court of common pleas may review decisions of the board of revision, case law arising out of either review system is applicable to this case. *Murray & Co. Marina, Inc. v. Erie Cty. Bd. of Revision* (1997), 123 Ohio App.3d 166, 172, 703 N.E.2d 846. An abuse of discretion means "more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 18} R.C. 5713.03 provides that the auditor "from the best sources of information available, shall determine, as nearly as practicable, the true value of each * * * parcel of real property * * *. In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes."

{¶ 19} Pursuant to Ohio Adm.Code 5703–25–05(A), "true value in money" or "true value" means one of the following:

{¶ 20} "(1) The fair market value or current market value of property and is the price at which property should change hands on the open market between a

willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having a knowledge of all the relevant facts.

{¶ 21} "(2) The price at which property did change hands under the conditions described in section 5713.03 of the Revised Code, within a reasonable length of time either before or after the tax lien date, unless subsequent to the sale the property loses value due to some casualty or an improvement is added to the property."

{¶ 22} Ohio Adm.Code 5703–25–11 further directs that the auditor determines true value by considering the best probable legal use by considering various factors that affect market value. Ohio Adm.Code 5703–25–11(C) sets forth four principal methods of valuing land. The preferred method is market value based upon actual arm's-length sales. Alternatively, the auditor can use the allocation method, the land-residual method, or the development method. Id.

{¶ 23} Applying R.C. 5713.03, courts have held that the "best evidence of true value is the actual sale of the property in an arm's-length transaction." *Lakota Local School Dist. Bd. of Edn. v. Butler Cty. Bd. of Revision,* 108 Ohio St.3d 310, 2006-Ohio-1059, 843 N.E.2d 757, ¶ 14, quoting *Conalco, Inc. v. Monroe Cty. Bd. of Revision* (1977), 50 Ohio St.2d 129, 130, 4 O.O.3d 309, 363 N.E.2d 722. Thus, the sales price paid in a recent arm's-length transaction should be used to value the property. *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 13. "An arm's-length sale is characterized by these elements: it is voluntary, *i.e.,* without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." *Walters v. Knox Cty. Bd. of Revision* (1989), 47 Ohio St.3d 23, 546 N.E.2d 932, syllabus.

{¶ 24} "[W]hen a county auditor acts 'within the limits of the jurisdiction conferred by law,' the auditor's action is 'presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment.' " *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision,* 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 13, citing *Wheeling Steel Corp. v. Evatt* (1944), 143 Ohio St. 71, 28 O.O. 21, 54 N.E.2d 132, paragraph seven of the syllabus. See also *Colonial Village Ltd. v. Washington Cty. Bd. of Revision,* 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23 (the auditor has "no burden to offer proof of the accuracy of the appraisal on which the county initially relies, with the result that the BTA is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof at the BTA"). Thus, when a taxpayer or the board of education seeks to change the tax value of the property, it bears the burden of proof by competent and probative evidence to demonstrate that the tax value

134

should be different from the amount the auditor assessed. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 566, 740 N.E.2d 276. See also *Lakota Local School* at ¶ 6, citing *Columbus City School Dist.* (regarding appeals before the board of tax appeals). There is no presumption that the decision of the board of revision is correct. *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 24. If the trial court finds that the evidence before the board of revision was neither reliable nor probative, it may reject the decision of the board. *Berner v. Sodders*, 2d Dist. No. 2010 CA 40, 2010-Ohio-4914, 2010 WL 3945348, ¶ 33, appeal not allowed 127 Ohio St.3d 1548, 2011-Ohio-647, 941 N.E.2d 804, and *Columbus City School Dist.* at 567 (the court's determination of a property's true value is a finding of fact, and like all findings of fact, the value must be supported by the evidence).

{¶ 25} The common pleas court concluded that appellee had met its burden of proof by presenting evidence of a recent arm's-length sale. Appellee argues that once it presented evidence of an arm's-length sale, the court was required to accept the sales price as the true market value of the property unless appellant presented contradictory evidence. The court determined that merely stating that this was a special transfer that took advantage of a federal program and that the sales price in the purchase agreement did not reflect the true market value of the property was insufficient to defeat the evidence of appellee.

{¶ 26} We agree with the trial court that appellee met its initial burden of producing competent and probative evidence (the purchase agreement) to establish that the correct value of the property should be $660,731. However, we find that the trial court erred as a matter of law when it found that appellant failed to present competent and probative evidence to establish that the purchase-agreement price did not reflect the true market value of the property and that the true market value of the property was $360,000. Appellant presented the closing statement, the affidavit of the seller, the testimony of the attorneys involved in the transaction, a consent judgment entry between the auditor, board of revision, and appellant regarding the 2007 tax year, and an appraisal of the property to support its argument that the market value of the property was actually $360,000. While this was an arm's-length transaction in the sense that the parties willingly entered into the transaction and negotiated the sale of the property, the seller received $660,731 for the property by way of the payoff of his loan, and the purchaser with the aid of the federal agency paid that value, there was also evidence to establish that the purchase price was manipulated by the parties to achieve certain goals of the federal agency and did not reflect the true market value of the property. We find significant in this case that appellee did not introduce any additional evidence to refute appellant's appraisal evidence.

{¶ 27} We find that when the court accepted the purchase price set forth in the purchase agreement and failed to consider evidence of the true market value, the court abused its discretion. While the purchase price is generally the most accurate method to value property, the taxpayer in this case has shown that it was not an accurate reflection of the market value of this particular property. Therefore, appellant's sole assignment of error is well taken.

{¶ 28} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is reversed. Pursuant to the authority granted to this court by App.R.12(B), we hereby enter the judgment that the trial court should have entered. The decision of the Lucas County Board of Revision is affirmed. The appropriate tax value of the property for 2008 is $360,000. Appellee is hereby ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

OSOWIK, P.J., and PIETRYKOWSKI, J., concur.