[Cite as *Lawrence v. Ohio Dept. of Job & Family Servs.*, 2016-Ohio-5697.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Eugene C. Lawrence

Appellee

v.

Ohio Department of Job
and Family Services

Appellant

Court of Appeals No. H-15-020

Trial Court No. CVF 2015 0085

**DECISION AND JUDGMENT**

Decided: September 2, 2016

* * * * *

W. Cory Phillips, for appellee.

Mike DeWine, Ohio Attorney General, and Amy R. Goldstein,
Senior Assistant Attorney General, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Ohio Department of Job and Family Services (ODJFS), appeals the October 19, 2015 judgment of the Huron County Court of Common Pleas. The court of common pleas, on appellate review of the agency's decision, reversed the decision by ODJFS to impose a period of restricted Medicaid coverage against appellee. For the reasons that follow, we affirm.

{¶ 2} The relevant facts are as follows. Appellee, Eugene Lawrence, was admitted to the Hillside Acres nursing home in 2014. In September of 2014, Lawrence applied for Medicaid benefits because he could not afford to pay for the nursing home's services. In order to qualify for Medicaid benefits, an individual must be at or below $1,500 in countable resources. Within the prescribed period, currently 60 months, an individual cannot freely transfer any assets for the purpose of meeting the eligibility threshold. If such a transfer occurs, the agency in charge of reviewing eligibility, in this case ODJFS, will apply a restricted coverage period to account for the spending down of the assets. During this period, the individual must pay privately for medical expenses.

{¶ 3} In reviewing Lawrence's finances, ODJFS found that Lawrence purchased a rental property in March 2006. In March 2011, Lawrence sold the property for $22,720, which represented the remaining balance owed on the mortgage. ODJFS found that the Huron County Auditor had appraised the property at $66,800. Because of this disparity, ODJFS concluded that the transfer of the rental property was improper and imposed a restricted Medicaid coverage period of 5.92 months, during which time Lawrence would be required to pay privately for services at the nursing home or face discharge from the facility.

{¶ 4} On November 19, 2014, Lawrence challenged ODJFS' imposition of the restricted coverage period. A state hearing was held and affirmed the period of restricted coverage. Lawrence then sought judicial review of the agency's determination in the

2.

Huron County Court of Common Pleas, pursuant to R.C. 119.12 and 5101.35. A notice of appeal was filed, stating:

> Now comes Appellant, Eugene Lawrence, by and through counsel for the Authorized Representative, Liberty of Willard, d/b/a/ Hillside Acres (hereinafter "appellant"), pursuant to Ohio Revised Code §§ 5101.35(E) and 119.12, and appeals the January 8, 2015 Administrative Appeal Decision.

{¶ 5} In response, ODJFS filed a motion to dismiss, arguing that the notice of appeal identified the nursing home as the appealing party. ODJFS contended that, according to the language of the notice of appeal, Hillside initiated the appeal through its own counsel on behalf of Lawrence.

{¶ 6} In opposition, Lawrence argued that he was in fact the appellant who initiated the judicial review process. Lawrence stated specifically that the nursing home did not have standing to initiate the judicial review process on behalf of Lawrence, and this would have denied the court subject-matter jurisdiction. To show that the nursing home was not the moving party, Lawrence submitted two affidavits to support the claim that he was the true appellant in the case. The first affidavit was by Lawrence's counsel in which he stated that he was retained by Lawrence's daughter to pursue the judicial appeal and that an attorney-client relationship exists between himself and Lawrence. The second affidavit was submitted by Lawrence's daughter and his power of attorney. In her affidavit, Lawrence's daughter stated that she hired and retained current counsel on

3.

Lawrence's behalf to assist him with the appeal. The lower court summarily denied ODJFS' motion to dismiss.

{¶ 7} As to the merits of the appeal, the lower court found that Lawrence sold the rental property in an arms-length transaction for fair market value; thus, the court ruled that the imposition of a period of restricted Medicaid coverage was improper. The court further found that although Lawrence's daughter admitted that he had sold the property because he was unable to properly take care of it due to his age, the sale of the property was not for the purpose of meeting the eligibility threshold of $1,500. This appeal followed with appellant raising the following two assignments of error:

> I. The lower court lacked subject matter jurisdiction over the appeal because Mr. Lawrence's nursing home had no standing to bring an appeal to court on Mr. Lawrence's behalf.

> II. The lower court incorrectly interpreted Ohio Adm.Code 5160:1-3-07 when it concluded that Mr. Lawrence had rebutted the presumption of an improper transfer of his rental property by clear and convincing evidence.

{¶ 8} Reviewing an order of an administrative agency, a common pleas court must affirm the order if, upon consideration of the entire record, the order is in accordance with law and is supported by reliable, probative, and substantial evidence. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571, 589 N.E.2d 1303 (1992); R.C. 119.12. Reviewing the factual determinations decision of the lower court, an

4.

appellate court is limited to determining whether the trial court abused its discretion. *Bryant Health Care Ctr., Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 13AP-263, 2014-Ohio-92, ¶ 23. However, like the lower court, an appellate court has full review of purely legal questions. *Id.*; *Abe's Auto Sales v. Ohio Motor Vehicle Dealers Bd.*, 6th Dist. Lucas No. L-07-1165, 2008-Ohio-4739, ¶ 32. Additionally, a reviewing court should accord considerable "deference to an administrative agency's interpretation of its own rules and regulations where the interpretation is consistent with the statutory law and the plain language of the rules." *Alternative Residences, Two, Inc. v. Ohio Dept. of Job and Family Servs.*, 10th Dist. Franklin No. 04AP-306, 2004-Ohio-6444, ¶ 18, citing *State ex rel. Celebrezze v. Natl. Lime & Stone Co.*, 68 Ohio St.3d 377, 382, 627 N.E.2d 538 (1994).

In ODJFS' first assignment of error, it contends that the appeal should have been dismissed because appellant, Hillside, lacked standing. R.C. 5101.35 and 119.12 control in determining whether a Medicaid recipient can initiate judicial review of an administrative appeal. R.C. 5101.35 creates the statutory mechanism by which a Medicaid recipient can initiate judicial review of an administrative appeal. R.C. 5101.35(E) states that "[a]n appellant who disagrees with an administrative appeal decision of the director of job and family services or the director's designee issued under division (C) of this section may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code."

5.

{¶ 9} Further, R.C. 5101.35(A)(2) defines "appellant" as "an applicant, participant, former participant, recipient, or former recipient of a family services program who is entitled by federal or state law to a hearing regarding a decision or order of the agency that administers the program." R.C. 119.12(A)(1) allows any party adversely affected by an agency decision to appeal the decision in the court of common pleas in the county in which either the organization or the licensee resides.

{¶ 10} ODJFS initially argues that the notice of appeal reflects that Hillside, through its counsel, initiated the appeal in the Huron County Court of Common Pleas on behalf of Lawrence; Lawrence himself was not the party who filed the appeal. ODJFS bases this argument on the notice of appeal, specifically one line, which states that Lawrence was before the court "by and through counsel for the authorized representative, Liberty of Willard, d/b/a/ Hillside Acres." However, the affidavits submitted to the court of common pleas show that Lawrence's daughter and power of attorney retained current counsel to initiate the appeal of the administrative decision, and that counsel was representing Lawrence in this matter. Likewise, the decision being appealed was the decision to restrict Lawrence's Medicaid coverage. There is nothing in the record, aside from the language of the notice of appeal, which lends to the argument that Hillside was the party that initiated the appeal. There is nothing to show that counsel was representing Hillside on behalf of Lawrence. Upon review of the affidavits, it is clear that counsel was retained to represent Lawrence, counsel filed the appeal on Lawrence's behalf, and that Hillside took no substantial action in the course of the appeal.

6.

{¶ 11} Thus, because Lawrence was the appellant who initiated the judicial review of the administrative agency's decision, Lawrence had proper standing to bring the appeal. It follows, therefore, that the Huron County Court of Common Pleas did not lack subject-matter jurisdiction to hear the appeal. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 12} Appellant's second assignment of error challenges the lower court's determination that Lawrence's transfer of the property at issue was not an "improper transfer." In determining Medicaid eligibility, ODJFS reviews transfers of property and assets within a specified time frame prior to or after the application for Medicaid. Any transfer during this look-back period is analyzed. Ohio Adm.Code 5160:1-3-07(B)(10).[1] If ODJFS determines that a transfer that took place during the look-back period was improper, it can impose a period of restricted Medicaid coverage to account for the spending down of the assets. Ohio Adm.Code 5160:1-3-07(B)(10)(b). During this period of restricted coverage, the Medicaid recipient cannot receive payment for the use of nursing facilities. Ohio Adm.Code 5160:1-3-07(B)(12).

{¶ 13} Ohio Adm.Code 5160:1-3-07(C) defines when a transfer of property is considered to be improper, and states:

> (C) The following types of transfers are presumed to be improper transfers for less than fair market value:

---

[1] Effective January 1, 2016, this section was replaced by Ohio Adm.Code 5160:1-3-07.2.

7.

(1) Any transfer that reduces the individual's resources and brings the value of their remaining resources within the resource limitation;

(2) Any transfer that has the effect of safeguarding future eligibility by divesting the individual of property that could otherwise be sold and the proceeds then used to pay for support and medical care for the individual;

(3) Any transfer of income-producing real property; or

(4) Any transfer by an individual of an exempt home as defined in Chapter 5101:1-39 of the Administrative Code, whether prior to or after the medicaid application date.

(5) For an asset to be considered transferred for fair market value or to be considered to be transferred for valuable consideration, the consideration received for the asset must have a monetary value.

(6) A transfer for love and consideration is not considered a transfer for fair market value. Clear and convincing evidence is required to rebut the presumption that it is an improper transfer.

{¶ 14} Thus, when such a transfer of property occurs, it is *presumed* to be an improper transfer, and a restricted period of Medicaid coverage can be imposed against the Medicaid applicant or recipient. *See* Ohio Adm.Code 5160:1-3-07(C) and (B)(10).

{¶ 15} However, a Medicaid applicant may challenge the presumption that an improper transfer took place. Ohio Adm.Code 5160:1-3-07(D) allows a Medicaid

8.

applicant or recipient to rebut a presumption of an improper transfer, and states, in pertinent part:

> (1) The individual may rebut the presumption established under paragraph (C) of this rule. The individual must first provide a full written accounting and documentation of the transfer which clearly explains the following:

> (a) The purpose for transferring the resource; and

> (b) The attempts to dispose of the resources at fair market value; and

> (c) The reasons for accepting less than fair market value for the resource; and

> (d) The individual's relationship, if any, to the person to whom the resource was transferred.

> (2) The individual has the burden of rebutting the presumption of improper transfer by clear, convincing, and credible evidence.

> (a) The evidence may include, but is not limited to: any documentary evidence such as contracts, realtor agreements, sworn statements, third party statements, medical records, financial records, court records, and relevant correspondence.

> (b) Evidence which is provided must be reviewed by the administrative agency to determine if it is clear, convincing and credible.

(c) Evidence that is not clear, convincing and credible does not rebut

the presumption of an improper transfer.

**{¶ 16}** Appellant first argues that Lawrence failed to provide the documentation required under the above-quoted section. In support, appellant relies on a Third Appellate District Medicaid eligibility case involving the transfer of property from a revocable trust to the community spouse. *Williams v. Ohio Dept. of Job and Family Servs.*, 2012-Ohio-4659, 978 N.E.2d 1260 (3d Dist.). In *Williams*, the court determined that the marital home was properly included as a countable resource because the home was transferred from a revocable trust to the community spouse, not directly between spouses. *Id.* at ¶ 36. In reaching its conclusion regarding the improper transfer, the court found that the parties failed to produce any of the required documentation to rebut the presumption. *Id.* at ¶ 35.

**{¶ 17}** Unlike *Williams*, Lawrence, through his representative daughter, did fax a sheet with a handwritten explanation of the reason that Lawrence sold the property. The sheet indicated that Lawrence was not able to maintain the property anymore and that none of the family wanted to take over. The purchaser, an unrelated individual, purchased the property on a land contract. The land contract was included in the record.

**{¶ 18}** Daughter Barbara Picklesimer stated that her father, who had fallen off the roof of the property twice, told her that he was unable to take care of the property anymore and that he just wanted to get rid of the property and have someone take over the payments. She stated that her father saw an advertisement in the newspaper of an

10.

individual looking for houses to take over mortgage payments in order to repair, renovate, and then sell them.

{¶ 19} It is undisputed that there was no written documentation directly addressing Lawrence's attempts to sell the property for fair market value. However, at the hearing the purchaser testified that although the market was still distressed and that he would have liked to spend less on the property, he agreed to the price being the mortgage balance. The purchaser admitted that he did not get an appraisal on the property when he purchased it but stated that he invested approximately $30,000 "to get it back in shape." The purchaser stated that he initially insured the property for approximately $20,000 and recently raised it to $50,000. He indicated that the increase took a while because the insurance property would not raise the coverage until they saw an improvement.

{¶ 20} Against this backdrop the lower court found that Lawrence's sale of the rental property in question was not a sale for less than fair market value. In contrast, the property was appraised by the Huron County Auditor as being worth $66,800; ODJFS valued the property at 90 percent of the auditor's valuation, or $60,120. Appellant challenges that because Lawrence sold the property for only $22,720, the outstanding balance Lawrence owed on the mortgage, he received less than fair market value for the property, thus making the sale presumptively improper under Ohio Adm.Code 5160:1-3-07.2(C).

{¶ 21} Fair market value is defined by Ohio Adm.Code 5160:1-05.1(6) as "the going price, for which real or personal property can reasonably be expected to sell on the

11.

open market, in the particular geographic area involved." Similarly, the Ohio Supreme Court defines fair market value as:

> the fair and reasonable cash price which could be obtained in the open market, not at forced sale or under peculiar circumstances, but as voluntary sale as between persons who are not under any compulsion or pressure of circumstances and who are free to act; or in other words, as between one who wants to sell and is not compelled to do so and one who wants to purchase and is not obliged to do so. *In re Estate of Sears v. Sears*, 172 Ohio St. 443, 446, 178 N.E.2d 240 (1961).

{¶ 22} Furthermore, the Ohio Supreme Court has held that "when the property has been the subject of a recent arm's-length sale between a willing seller and a willing buyer, the sale price of the property shall be the 'the true value for taxation purposes.'" *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 13, citing R.C. 5713.03. "'An arm's-length sale is characterized by these elements: it is voluntary, *i.e.*, without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest.'" *Highland Crest Assoc., L.L.C. v. Lucas Cty. Bd. of Revision*, 194 Ohio App.3d 127, 2011-Ohio-2078, 954 N.E.2d 1277, ¶ 23 (6th Dist.), citing *Walters v. Knox Cty. Bd. of Revision*, 47 Ohio St.3d 23, 546 N.E.2d 932 (1989), syllabus.

12.

**{¶ 23}** Appellant contends that the value remaining on Lawrence's mortgage (the sales price) was not equivalent to fair market value. However, Lawrence sold the property as a "willing seller" and the purchaser bought the rental property from Lawrence as a "willing buyer." *See In Re Estate of Sears* at 446. The buyer purchased the property in order to flip it and attempted to negotiate the price. Lawrence sold it because he simply could not keep up with it anymore. In addition, although within the lookback period the sale was completed over three years prior to Lawrence's Medicaid application. Based on the foregoing, we cannot find error in the lower court's determination that the market conditions at the time of the sale combined with the condition of the property and circumstances of the sale demonstrated an arms-length transaction for fair market value. Appellant's second assignment of error is not well-taken.

**{¶ 24}** On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE